In the Matter of the Estate of JESSIE Y. WAKEFIELD, Deceased.

Surrogate's Court, St. Lawrence County, July 8, 1932.

*Charles D. Campbell*, for the executor.

*Allan L. Gurley*, for Howard F. Holden.

CHANEY, S.   It appears that Jessie Wakefield died on or about June 3, 1931, leaving a last will and testament, which was duly admitted to probate October 5, 1931.   At the time of her death, she was the owner of certain real property in the village of Potsdam, N. Y.   On February 27, 1929, a judgment was duly taken against

the decedent in favor of Howard F. Holden in an action in Justice's Court of the town of Potsdam; on or about March 31, 1932, a transcript of this judgment was duly filed in the county clerk's office of St. Lawrence county, and the judgment docketed as a judgment of the County Court. It is contended on the part of the judgment creditor that the filing of this transcript and the docketing of said judgment in the county clerk's office made it a lien upon the real property of the decedent, and, therefore, entitled to preference over general creditors.

It is true that there is nothing in the statutory law prohibiting the filing of the transcript and the docketing of the judgment after the death of a judgment debtor; and it is also true that such proceeding may be had without notice to the judgment debtor. However, the title to real property passed immediately upon the death of decedent under the terms of the will. Therefore, the title to said real property was not in decedent at the time the transcript was filed. Of course, the title taken by the devisee was subject to the payment of the debts of the decedent.

Held, that the filing of the transcript and the docketing of the judgment in County Court in this case did not make the same a lien upon the real property owned by decedent at the time of her death, and that said judgment should be treated as a common or general debt along with the others.