Vah Voorhis, J,
In an endeavor to compromise marital differences and to adjust property interests, these parties entered into an agreement on December 17,1959, which was modified by a supplemental agreement on April 22,1960. This appeal, under the certified question, concerns solely whether the third cause of action is sufficient in law. Except as hereafter stated, the objections by appellant to the sufficiency of the third cause of action in the complaint relate to matters of evidence rather than pleading. That cause of action asks for reformation of these agreements in many respects, including reformation of paragraph “ Fourth ” of the second agreement, which, in turn, revised paragraph “ Fourth ” of the original agreement. This paragraph is challenged by appellant as being void as against public policy. It originally provided for the payment of $30,000 per pnnm by the husband to the wife ‘ ‘ for her personal use *271 and maintenance ” unless and until the wife should institute a legal proceeding against the husband for separation or divorce. The amount was increased to $37,500 by the amending agreement and this provision is sought to be varied in other respects by the reformation which is asked under the third cause of action. The husband contends, on this appeal, that an agreement by a husband is void to pay an annual sum to the wife in lieu of her support and maintenance while they are living together as husband and wife. That contention is correct (Garlock v. Garlock, 279 N. Y. 337). Reformation is not granted of void provisions in contracts, nor are contracts reformed by fashioning them so that they will become void (Reynolds Metals Co. v. Metals Disintegrating Co., 176 F. 2d 90; 76 C. J. S., Reformation of Instruments, p. 336; Metcalf v. Metcalf, 274 App. Div. 744). Consequently the third cause of action would be insufficient in law if it concerned merely the reformation of this clause in the agreements. It is difficult upon a motion of this character to determine whether this portion of these contracts is so integral a part of them as to vitiate them in their entirety. If this clause be severable, it is possible that other paragraphs in the agreements may be capable of reformation in the manner applied for by plaintiff on other aspects of the third cause of action. Whether these agreements are divisible in this respect, with the consequence that this void portion would be severable, or whether the contracts are entire, is a matter to be decided after a trial rather than upon a motion addressed to the pleadings. If any portion of a cause of action is sufficient, it should not be dismissed on motion (Abrams v. Allen, 297 N. Y. 52). Without determining the severability of this void clause at this stage in the litigation, the order appealed from should be affirmed, without costs, and the certified question answered in the negative,