■　VALERIE SYLOFSKI, Appellant, v ADOLPH SYLOFSKI, Respondent.— Appeal from a judgment of the Supreme Court in favor of defendant, entered February 28, 1975 in Fulton County, upon a decision of the court at a Trial Term, without a jury. This action was commenced to set aside a separation agreement entered into by the parties on January 4, 1973. On this appeal plaintiff argues that the trial court erred in failing to rescind the agreement because no provision was made for the support of the plaintiff wife, in contravention of section 5-311 of the General Obligations Law. The parties were married in 1946 and have no dependent children. At the time of the execution of the agreement, and at present, each was gainfully employed. Each earned approximately $6,400 in 1972, and in 1974 the plaintiff earned approximately $8,000 while the defendant husband's annual earnings increased to $6,500. The agreement provided for an equal division of assets and for equal responsibility in satisfying joint debts. All

the terms of the agreement were followed except a provision by which the plaintiff was to occupy and maintain the marital abode for one year, at the end of which time it was to be sold, with the plaintiff having the right of first refusal. Defendant contends that the reason for this action is the desire of plaintiff to obtain sole ownership of the house, but not by purchase. Section 5-311 of the General Obligations Law provides, in part, that a husband and wife cannot contract to relieve the husband from his duty to support his wife. Although there is a tendency to phrase this rule in overly broad terms as "Such contracts are clearly void" *(Slocum v Slocum,* 42 AD2d �situ56, 57; see, also, *Henderson v Henderson,* 47 AD2d 801), it is clear that the failure of a separation agreement to provide for the wife's support does not vitiate the entire contract and that the other provisions may be valid and enforceable *(Ferro v Bologna,* 31 NY2d 30; *Lacks v Lacks,* 12 NY2d 268; cf. *Central N. Y. Tel. & Telegraph Co. v Averill,* 199 NY 128). The separation agreement provides certain property rights, exclusive of the support provisions, which each party has the right to preserve, including the right to dispose of their respective estates as though unmarried; indeed, the very separation agreement itself, if valid, becomes a no-fault ground for divorce (Domestic Relations Law, § 170, subd [6]; *Gleason v Gleason,* 26 NY2d 28). Because plaintiff seeks only to have the agreement rescinded *in toto,* the trial court correctly dismissed the complaint. Judgment affirmed, with costs. Sweeney, J. P., Kane, Koreman, Larkin and Reynolds, JJ., concur.