OPINION of the court
Burton S. Sherman, J.
A judgment creditor seeks an order directing our County Clerk to amend and docket a Texas judgment nunc pro tune as of June 16, 1977, the date it was originally filed here, and declaring its priority over subsequent judgment creditors. Special Term vacated the judgment in July, 1978 and, after final appeal in Texas, had again entered it here in March, 1979. The instant motion seeks in effect a nunc pro tune modification of that March, 1979 judgment. It is opposed by a judgment creditor who filed and docketed its judgment in the interim in November, 1978.[1]
The issue to be determined is whether the final appellate reversal of a judgment or order of an intermediate appellate court, which had reversed and vacated an initial judgment of a trial court, reinstates the original trial court judgment as of the date it was initially entered.
*1079 The facts are that a judgment was entered against the judgment debtor in favor of the moving judgment creditor Mansfield State Bank on December 30,1976 in the District Court of Tarrant County, Texas. The judgment was filed and docketed in New York County on June 16, 1977, pursuant to CPLR 5402. On February 23, 1978 the Texas judgment of the District Court was reversed by the Court of Appeals for the Second Supreme Court Judicial District of Texas, an intermediate appellate court. As a result of this, the judgment creditor Mansfield State Bank moved to vacate its judgment here. This was granted by Special Term on July 28, 1978. The court specifically struck the language in the settled order which stated that the vacating was “without prejudice to the refiling of said Texas judgment if such judgment is revived or reinstated.” Thereafter the Chicago Title Insurance Company, the judgment creditor opposing this instant motion, filed and docketed on November 21, 1978, a judgment obtained against the judgment debtor in New York on May 10,1978. Meanwhile back in Texas, the Supreme Court of Texas, its highest State court, reversed the intermediate appellate court and thus affirmed the judgment of the trial court in favor of Mansfield State Bank. What appears to be a judgment and remittitur of the Texas Supreme Court, dated November 7, 1978, states, “It is further ordered *** that a copy of this judgment with a copy of the opinion be certified to the District Court of Tarrant County, Texas, for observance.” After again entering the Texas judgment in New York in March, 1979, the judgment creditor Mansfield State Bank seeks the instant relief.
It contends, as a matter of law, that the final reversal after appeal of a judgment or order vacating a prior intermediate judgment operates to reinstate the original judgment as of its initial date. It further argues, in any event, that such action be taken within the broad equitable discretion of the court. (Idaho Gold Dredging Corp. v Boise Payette Lbr. Co., 54 Idaho 765; Witteman v Dunkle, 21 Ohio St 2d 3.) There appear to be no New York cases directly in *1080 point.[2] Nor is the general rule of any assistance. It simply states that the reversal of a judgment or order vacating a prior judgment of the same court operates to reinstate the original judgment “provided all steps essential to the preservation thereof are taken.” (5B CJS, Appeal & Error, § 1951, p 516.)
While New York courts have both inherent and statutory authority to supervise, correct or amend judgments (CPLR 5019, subd [a]), they must also afford full faith and credit to out-of-State judgments. (CPLR art 54; Mansfield State Bank v Cohn, 95 Misc 2d 326.) Rule 502 of the Texas Rules of Civil Procedure states in part “upon the rendition by the Supreme Court of any judgment *** the clerk of said lower court on receipt of the mandate of the Supreme Court *** shall proceed to issue execution therein as in other cases ***. Upon the return of a mandate affirming a money judgment, the execution should recite the fact of the former judgment the appeal therefrom, and the rendition of the judgment of affirmance, upon which the execution should be based.” In Irvin v Ferguson (83 Tex 491), the Supreme Court of Texas, in explaining its remittitur stated “execution shall be upon the judgment of this Court.” Thus a judgment of the highest court of Texas is the instrument which a successful party executes to recover damages. By its own interpretation Texas courts hold it to be a new judgment. The moving judgment creditor Mansfield State Bank did not take steps to preserve the original judgment. The one it now seeks to enforce is the new judgment of the Texas Supreme Court dated November 7, 1978. This was obtained well after the opposing judgment creditor Chicago Title Insurance Co. obtained its judgment in New York. And while the law does not encourage foot races to our County Clerk’s office, the fact remains that Chicago Title Insurance Co. filed first.
Even if this court had the power to issue a nunc pro tune order, it cannot be exercised in this case. “The theory upon which an order may be granted to take effect as of a *1081 previous date, is that some ruling has been made which was not properly, or was improperly, entered. A court has no power to have a new order or ruling so entered, thus bringing into the record an element which did not previously exist” (Guarantee Trust & Safe Deposit Co. v Philadelphia, Reading & New England R.R. Co., 160 NY 1, 7). Mansfield State Bank does not seek to correct an irregularity, mistake or omission. The Texas judgment which was filed and entered in March, 1979 was a new judgment based on additional facts, namely, the affirmance and reinstatement by the Texas Supreme Court of the original Texas District Court judgment. This was an element which did not previously exist. Nor is this merely a clerical error sought to be corrected.
Moreover, policy requires that a docketed judgment proclaim that fact to all the world. The vacating of a judgment renders it no longer in existence and any liens evolving therefrom are dissolved. (46 Am Jur 2d, Judgments, § 785.) A bona fide purchaser of real property or any party has a right to rely on the facts that there are no liens or other impediments which could interfere with its actions. For this reason, also, the Mansfield State Bank cannot resurrect the original Texas judgment vacated by this court in July, 1978, nor can such judgment as was subsequently entered be predated.
Accordingly, the motion is denied.

. The judgment debtor died a resident ofNew York State in 1979 leaving real property in Westchester County. Any personal judgments against the deceased debtor are payable by his estate according to priority based upon the date of docketing such judgments. (SCPA, § 1811, subd 2, par [c]; § 1902, subd 3.) As to the entry of judgments after death of a judgment debtor see CPLR 5016 (subd [d]) and Matter of Wakefield, (146 Misc 58).

. Stigwood Organization v Devon Co. (91 Misc 2d 723); Matter of Weppler v Kern (170 Misc 933, affd 257 App Div 940); Matter of Fishell (37 NYS2d 926) are distinguishable on their facts or state what is perceived to be the rule as obiter dicta.