■ DFI COMMUNICATIONS, INC., Respondent, v GOLDEN PENN THEATRE TICKET SERVICE et al., Appellants. — Order, Supreme Court, New York County (Williams, J.), entered April 29, 1981 denying defendants' motion to vacate default judgment, is reversed, on the law and the facts, and in the exercise of discretion, and said default judgment is vacated and the plaintiff is directed to accept the verified answer served by defendants on January 19, 1981, all on condition that within 20 days after service of a copy of the order on this appeal defendants shall furnish a surety company bond assuring that in the event that plaintiff recovers a judgment, the judgment will be paid in an amount up to the amount of the judgment heretofore entered, $14,212.50 plus costs, plus interest to the date of payment of any such judgment; and in the event of failure to comply with said condition, the order appealed from is affirmed. No costs or disbursements are awarded to either party on this appeal. Defendants had moved to dismiss the complaint without answering. That motion was denied by Justice Sutton on December 8, 1980. Plaintiff served a copy of that order with notice of entry on defendants' attorney by mail on December 11, 1980. Defendants' time to answer thus expired on December 24, 1980. Defendants not having answered, plaintiff without further notice to defendants caused to be entered a default judgment on January 14, 1981. Defendants without knowledge of the default judgment served an answer on January 19, 1981, which plaintiff rejected. Plaintiff served notice of entry of the default judgment on that same date although defendants' attorney says that he had no actual knowledge of the entry of the default judgment until January 21, 1981. Defendants promptly moved, by order to show cause dated January 22, 1981, to vacate the default. The motion to vacate the default was denied. Defendants have appealed from that denial. On a motion to open a default two factors are important: (a) whether the default is excusable, and (b) whether the moving party has shown any merit to his substantive position. It is of course the preference of the courts that cases be decided on the merits rather than on default. (*Societa Internazionale Turismo, S.p.A. v Flynn,* 60 AD2d 814, 815.) The action is brought to recover $11,700, being 26 weekly payments of $450 each for a convenant not to compete pursuant to contract. The contract contemplated that certain intercompany obligations should be deducted from the last moneys coming due under the restrictive covenant. The amount of the intercompany obligations was not settled and there was a provision for arbitration. An arbitration between the parties resulted in a direction for defendants to pay plaintiff the sum of $1,990. The major dispute on the merits in the present action is (a) whether, on the one hand, as defendants contend, the arbitration award was a balance arrived at by offsetting intercompany obligations owed to defendants against amounts due to plaintiff on the cove-

nant not to compete, thus giving plaintiff the benefit of the payments due on the covenant not to compete and constituting *res judicata* on that claim in this action; or (b) whether, as plaintiff contends, the amount awarded by the arbitrator was simply the net amount of the intercompany obligations without regard to the amounts due on the covenant not to compete so that plaintiff is still entitled to recover on the covenant not to compete. On the present record we cannot say which of these two contentions is correct. But enough merit has been shown to defendants' position so that defendants should not be deprived of an adjudication on the merits. Without passing on the validity of plaintiff's contentions, we note that (a) the agreement apparently contemplated that the net balance of intercompany obligations would be a debt owed by plaintiff to defendants rather than the other way around; (b) defendants asked the arbitrator to offset the two sets of obligations (while plaintiff apparently made no such request and contended that there was a balance on the intercompany obligations owed to plaintiff without regard to the covenant not to compete); and (c) arithmetically the arbitrator's award seems to come much closer to the figure that would be arrived at if the arbitrator had offset the two sets of obligations (finding the intercompany obligations to be somewhat less than defendants contended), than it comes to any suggested figures on plaintiff's theory. The determination by Justice Sutton denying the motion to dismiss must be deemed at most a determination that there is a question of fact as to this point precluding its determination by motion. In any event, the doctrine of the law of the case does not bind an appellate court with respect to an earlier decision by Special Term. (*Garfield v Equitable Life Assur. Soc. of U.S.,* 9 AD2d 625; *Walker v Gerli,* 257 App Div 249.) As to whether defendants' default in answering is excusable, we note that it came after apparently four years of litigation, in the course of which there were the usual courtesies between attorneys; that the time to answer expired on Christmas Eve; that the period of default (including the Christmas and New Year holiday period) amounted to only 20 days before the entry of the default judgment and 25 days before defendants, without knowledge of the default judgment, attempted to serve their answer; that during the default period defendants' attorney attempted to communicate with plaintiff's attorney for the purpose of obtaining an extension of time to answer; that the default judgment was entered without notice and without any communication from plaintiff's attorney to defendants' attorney about the default in answering notwithstanding the years of active litigation; and that defendants very promptly moved to vacate the default. These circumstances do not constitute a complete excuse for the default in answering. But neither do they require the extreme sanction of depriving the defendants of an opportunity to have an adjudication on the merits. (Cf. *Schwartz v Haviv,* 78 AD2d 508.) Defendants have stated that they are willing to post a bond for the entire amount of the judgment as a condition of lifting the default; and in fact, they have posted a bond·on appeal covering the judgment. We think a bond is an appropriate and sufficient sanction. We therefore grant the motion to vacate the default judgment on the condition stated. Concur — Sandler, J. P., Ross, Markewich, Silverman and Milonas, JJ.