MARY BOORMAN, Appellant, v STEVEN DEUTSCH, Respondent.

First Department, November 9, 1989

**APPEARANCES OF COUNSEL**

*Stephen C. Glasser* of counsel *(Pamela Anagnos Liapakis*

and *Frank V. Floriani* with him on the brief; *Lipsig, Sullivan & Liapakis, P. C.,* attorneys), for appellant.

*Steven Deutsch,* respondent *pro se.*

### OPINION OF THE COURT

RUBIN, J.

Plaintiff brought a civil action seeking recovery for injuries sustained as a result of assault, battery, kidnap and rape by defendant. The summons and complaint were delivered to the doorman and a copy mailed to defendant at an address where defendant admitted he resided during testimony given at a criminal trial conducted in the Superior Court of New Jersey, Bergen County, on charges arising out of this incident. While it is not denied that defendant received the summons and complaint, the affidavit of the process server does not indicate that he was prevented from gaining access to defendant's apartment and, therefore, there is some question whether valid service was effected pursuant to the principles enunciated in *F.I. duPont, Glore Forgan & Co. v Chen* (41 NY2d 794). Defendant made no appearance and submitted no answer. Upon plaintiff's motion, on notice, for a default judgment, Supreme Court (Sherman, J.) granted the requested relief and ordered an inquest (CPLR 3215 [b]), directing that notice be given to defendant by certified mail. Defendant did not appear at the inquest held September 25, 1985, and judgment was entered for plaintiff in the amount of $3,000,000. Plaintiff then moved, ex parte, to increase the judgment to $5,000,000. This relief was granted by order dated October 5, 1985 (Ascione, J.), and judgment was entered February 13, 1986.

In May 1986, plaintiff commenced an action in New Jersey to convert her judgment into a New Jersey judgment. Defendant appeared by attorney and served an answer asserting, by way of an affirmative defense, the lack of proper service in the New York action. Upon plaintiff's motion to strike the affirmative defense and grant summary judgment, defendant again defaulted in appearance. Plaintiff obtained an order of the Superior Court, Bergen County, dated October 29, 1986 granting her motion, and judgment was entered thereon in the amount of $5,000,000 on December 11, 1986.

Approximately one month later, and within one year after entry of judgment in New York, defendant moved to vacate the judgment entered in this State pursuant to CPLR 5015. Even though the issue of in personam jurisdiction was specifi-

cally raised by defendant's answer in the New Jersey proceeding, Supreme Court granted his motion, finding that "under the circumstances of this case, collateral estoppel should not apply to the issue of jurisdiction raised herein" (citing *Gilberg v Barbieri,* 53 NY2d 285).

■ The courts possess broad statutory authority to set aside judgments (CPLR 5015, 5019) and especially so where the objection to entry is jurisdictional. CPLR 5015 (a) (4) "is designed to preserve objections so fundamental to the power of adjudication of a court that they survive even a final judgment or order" *(Lacks v Lacks,* 41 NY2d 71, 74-75). Furthermore, the courts possess inherent power to set aside judgments in the interests of justice *(Ladd v Stevenson,* 112 NY 325, 332; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.12). The matter under review, however, is not one in which the exercise of any such power is appropriate, and vacatur of the default judgment entered against defendant was an improvident exercise of discretion.

It is well settled that, in order to vacate a default judgment pursuant to CPLR 5015 (a) (1), a defendant must demonstrate a meritorious defense to the cause of action together with a reasonable excuse for his failure to appear *(Barasch v Micucci,* 49 NY2d 594; *Adam v Hilton Hotels Corp.,* 91 AD2d 884). It is clear that defendant, having been convicted in the Superior Court of New Jersey of the felonies of sexual assault and aggravated assault, out of which this claim for damages arose, can assert no defense to plaintiff's action. (The Appellate Division of the Superior Court of the State of New Jersey affirmed the conviction on these charges, remanding a count of kidnapping for a new trial: the People declined to retry defendant on this charge.) CPLR 5015 (a) (1) is therefore unavailing.

A motion predicated upon lack of jurisdiction, however, need not assert a meritorious defense because a judgment entered without obtaining either jurisdiction over the person of the defendant or a waiver of the issue of personal jurisdiction is ineffective and voidable *(Feinstein v Bergner,* 48 NY2d 234, 241). Nor does the fact that process is actually received cure a failure to comply with specific statutory requirements for effective service *(Feinstein v Bergner, supra,* at 241). The operative question, therefore, is whether defendant, by his actions, has waived the issue of in personam jurisdiction. We hold that he has.

A party against whom a default judgment is entered without obtaining jurisdiction over his person may appear and contest its validity or ignore the judgment and assert its invalidity whenever enforcement is attempted *(McMullen v Arnone,* 79 AD2d 496, 499). The judgment, however, is presumptively valid until reversed or set aside *(Hughes v Cuming,* 165 NY 91; *see also, Cook v Cook,* 342 US 126, 128). In the matter before us, defendant neither appeared in the proceedings nor moved before the court to contest the issue of jurisdiction. Instead, he appeared and entered an answer before the Superior Court of New Jersey, where enforcement was sought, specifically raising the question of the in personam jurisdiction of the New York court. Judgment was entered against him in the New Jersey action upon his default on a summary judgment motion brought by plaintiff.

■ As a threshold consideration, there is no merit to plaintiff's suggestion that full faith and credit must be given to the New Jersey judgment. This is not the typical case to which the doctrine applies, where an action has been litigated on the merits in a foreign State and judgment is sought to be entered in this jurisdiction *(see, e.g., Mansfield State Bank v Cohn,* 95 Misc 2d 326). Here, the New Jersey proceedings are incidental to the New York action and constitute an enforcement device. If, for any reason, the underlying New York judgment is vacated or modified, the New Jersey judgment would be similarly affected *(see, e.g., Mansfield State Bank v Cohn,* 107 Misc 2d 1078, *affd* 88 AD2d 837, *affd* 58 NY2d 179).

■ The doctrine of res judicata, in the narrow or technical sense, is also inapplicable. Although the parties and the claim are identical, the New Jersey judgment cannot be considered a final judgment on the merits so as to warrant res judicata treatment *(see,* Siegel, NY Prac § 444). Logically, a judgment entered in a sister State can have no greater effect than the judgment upon which it is based. The New York judgment, having been entered upon defendant's default in appearance in the action, is not considered to be a disposition on the merits *(DFI Communications v Golden Penn Theatre Ticket Serv.,* 87 AD2d 778). However, a court which is asked to honor a judgment of a sister State may inquire as to the latter's jurisdiction to enter judgment and, even where the defendant has appeared in proceedings conducted in the sister State, the forum State may nevertheless make an independent assessment of the jurisdictional issue *(Williams v North Carolina,* 325 US 226). Where a defendant has appeared and raised a

jurisdictional question in one court, receiving an adverse determination, he may not raise the issue again in another court *(Davis v Davis,* 305 US 32). Therefore, it can be seen that defendant has had his day in court on the issue of personal jurisdiction, and the judgment of the New Jersey Superior Court is a collateral estoppel as to this question.

The distinction between the doctrines of res judicata and collateral estoppel bears emphasis. The concept of res judicata embraces not only those matters which are actually litigated before a court but also those relevant issues which could have been litigated *(Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304), including jurisdiction *(Angel v Bullington,* 330 US 183; *Johnson v Muelberger,* 340 US 581; *Reich v Cochran,* 151 NY 122). The concept of collateral estoppel is somewhat narrower, requiring two distinct elements: "that an issue in the present proceeding be identical to that necessarily decided in a prior proceeding, and that in the prior proceeding the party against whom preclusion is sought was accorded a full and fair opportunity to contest the issue" *(Allied Chem. v Niagara Mohawk Power Corp.,* 72 NY2d 271, 276). "Properly utilized, it also serves to conserve the resources of courts and litigants. Because the doctrine is based on general notions of fairness there are few immutable rules" *(Gilberg v Barbieri,* 53 NY2d 285, 291, *supra).* As stated in *Staatsburg Water Co. v Staatsburg Fire Dist.* (72 NY2d 147, 153), "the fundamental inquiry is whether relitigation should be permitted in a particular case in light of what are often competing policy considerations, including fairness to the parties, conservation of the resources of the court and the litigants, and the societal interests in consistent and accurate results. No rigid rules are possible, because even these factors may vary in relative importance depending on the nature of the proceedings *(see, Gilberg v Barbieri, supra,* at 291-292; *People v Berkowitz,* 50 NY2d 333, 344; *Matter of Venes v Community School Bd.,* 43 NY2d 520, 524)."

Applying these principles to the matter before us, we conclude that defendant waived the issue of personal jurisdiction in the New Jersey proceeding and is estopped by that waiver from raising the issue before our courts. Where a party appears in a proceeding and judgment is subsequently entered against him based on a default upon a motion for summary judgment, the judgment is on the merits *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338; *Collins v Bertram Yacht Corp.,* 53 AD2d 527, *affd* 42 NY2d 1033). Because defendant,

in his answer, squarely placed the issue of the personal jurisdiction of the New York court before the Superior Court of Bergen County, its judgment of October 29, 1986 necessarily resolved this issue against him *(Baldwin v Traveling Men's Assn.,* 283 US 522; Siegel, NY Prac § 455). Essentially, a defendant who has a defense predicated on a lack of in personam jurisdiction may pursue one of two options: either litigate the issue in the main action or decline to appear and accept a default judgment, deferring litigation of the issue until a proceeding is brought to enforce the judgment and mounting a collateral attack at that time. Having chosen the latter stratagem, defendant will not be relieved from the consequences of his failure to pursue it with diligence *(Collins v Bertram Yacht Corp., supra).*

Considerations of judicial economy and fairness support this result. A defendant should not be permitted to frustrate a plaintiff's effort to obtain a judgment through deliberate and repeated defaults, especially where, as here, defendant's liability has been established by a criminal conviction *(S. T. Grand, Inc. v City of New York,* 32 NY2d 300). Nor should the courts permit litigation of an issue which a party has been afforded a full and fair opportunity to contest in another forum merely because he was derelict in his obligation to pursue that litigation with diligence.

■ Defendant's assertion that plaintiff committed fraud in obtaining her New York judgment is without merit. His contentions merely reflect a disagreement as to the amount of damages supported by the testimony adduced at inquest. Even if, as alleged, the damages were overstated, plaintiff's conduct does not amount to a degree of fraud such as will support setting aside a judgment *(see, Oppenheimer v Westcott,* 47 NY2d 595; *Sirota v Kloogman,* 140 AD2d 426).

We logically arrive at a consideration of whether defendant is nevertheless entitled to contest the amount of damages at an adversarial hearing, the finality of judgment and his failure to appear at the inquest notwithstanding. Normally, a defaulting defendant who cannot demonstrate grounds to vacate the judgment will be afforded the opportunity to appear at an inquest *(Kraus Bros. v Hoffman & Co.,* 99 AD2d 401). A failure to answer the complaint admits all traversable allegations contained therein, a category which excludes allegations as to damages *(McClelland v Climax Hosiery Mills,* 252 NY 347, 351). The right to appear at the inquest obtains even in the face of conduct which borders on contumacy

*(Reynolds Sec. v Underwriters Bank & Trust Co.,* 44 NY2d 568).

The instant matter is distinguishable from the normal case in that defendant has already been afforded the opportunity to appear for an assessment of damages. However, a motion to resettle the judgment may be entertained upon the ground, alleged by defendant, that it is excessive, and courts have exercised their inherent power to modify judgments accordingly *(see, Oppenheim v Melnick,* 34 AD2d 784 [2d Dept 1970]; *Monette v Bonsall,* 29 AD2d 839 [4th Dept 1968]; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.12). The $5,000,000 award seems excessive, especially in view of indications in the record that plaintiff alleged similar emotional distress in an action she instituted in 1979 against her husband and the City of New York. Accordingly, we conclude that a hearing limited to the issue of damages is warranted and, in view of the delays attendant upon this litigation, that said hearing should be expedited.

The order of the Supreme Court, New York County (Alfred M. Ascione, J.), which granted defendant's motion to vacate judgment pursuant to CPLR 5015 (a) (1), (3) and (4) to the extent of referring the question of in personam jurisdiction for a hearing, should be modified, on the law and the facts and in the exercise of discretion, with costs, the motion denied, and the matter remanded to the Supreme Court for an assessment of damages, judgment to stand as security.

KUPFERMAN, J. P., ROSS, KASSAL and ELLERIN, JJ., concur.

Order, Supreme Court, New York County, entered on January 26, 1988, unanimously modified, on the law and the facts and in the exercise of discretion, the motion denied, and the matter remanded to the Supreme Court for an assessment of damages, judgment to stand as security. Appellant shall recover of respondent $250 costs and disbursements of this appeal.