■ SHERWOOD A. SALVAN et al., Respondents, v JAMES LAVIN et al., Appellants.—Order, Supreme Court, New York County (William Davis, J.), entered February 22, 1991, which, *inter alia,* granted plaintiffs' motions for injunctive relief and for a default judgment against defendants, and denied defendants' cross-motion to vacate the default, unanimously affirmed, with costs.

In a so-ordered stipulation of settlement dated May 16, 1986, plaintiff-tenant Salvan and the then building owner agreed on procedures to avoid future disputes over tenant's continued use of the basement portion of his apartment for residential purposes.

In June, 1990, defendants served a Notice to Cure on plaintiffs, claiming that certain apartment conditions maintained by plaintiffs were in violation of the tenancy. In July, 1990, plaintiffs moved to enjoin defendants from interfering with their rights of tenancy, alleging that defendants had violated the stipulation. Having granted injunctive relief and a default judgment in plaintiffs' favor, the IAS court denied defendants' motion to vacate the default, finding that defendants' proposed defenses lacked merit. The court also awarded plaintiffs $75,000 in liquidated damages pursuant to a provision of the stipulation.

As the IAS court held, none of the defenses raised by defendants have merit. *(See, Boorman v Deutsch,* 152 AD2d 48, 51, *lv dismissed* 76 NY2d 889.) Defendants maintain that the parties' stipulation is void as against public policy in that it encourages evasion of City building regulations. However, the stipulation merely forbids either party from instigating enforcement action of technical building code violations; the agreement does not encourage such violations. Defendants also claim that plaintiffs' failure to correct a violation caused by plaintiffs' construction of a greenhouse forced defendants in turn to violate the stipulation by serving a Notice to Cure on

plaintiffs. However, the stipulation merely permits but does not require plaintiffs to correct a violation. Neither asserted defense is meritorious for purposes of vacating the default judgment.

The record indicates that the clause on liquidated damages was a bargained-for element in a multi-faceted agreement. Nor is $75,000 manifestly disproportionate to the damages suffered by plaintiffs. *(See, Willner v Willner,* 145 AD2d 236, 240.)

We have considered defendants' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Asch, Kassal and Smith, JJ.