■ Norma V. B. De Nunez, Respondent, v Eduardo F. V. Bartels et al., Appellants. Norma V. B. De Nunez, Respondent, v Eduardo F. V. Bartels et al., Appellants, et al., Defendants. [661 NYS2d 602] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered August 6, 1996, which denied respondent's motion to vacate the filing of a Louisiana judgment purporting to dissolve respondent Forty-One Corporation and to distribute its assets, and which granted petitioner's motion to enforce the Louisiana judgment and to modify temporary restraining orders to permit its enforcement, unanimously reversed, on the law, without costs, petitioner's motion denied, respondent's motion granted and the filing vacated. The restraining orders issued by Supreme Court in the related New York action (index No. 30453/92, Peter Tom, J.) shall remain in full force and effect.

Petitioner and respondent are siblings. In December 1992,

petitioner, a Venezuelan national, commenced similar actions against respondent, also a Venezuelan national, in both New York and Louisiana seeking a declaration that she owns 50% of respondent Forty-One Corporation, a corporation organized pursuant to the laws of Panama; an injunction against further looting of the accounts of the corporation by her brother; an accounting; and damages for fraud, unjust enrichment and conversion. The parties' father, Julio Valencia Cardoze, also a Venezuelan national, executed a will dividing the corporation between his two children. Respondent, however, contends that all shares in the corporation were donated to him just two weeks prior to his father's death.

In the Louisiana action, the 22nd Judicial District Court, Parish of Washington, issued a "writ of sequestration" freezing Forty-One Corporation's account in a Louisiana bank. The court further denied motions by respondent, which sought to dismiss the proceedings on the ground that the court lacked personal and subject matter jurisdiction and sought to have the case tried in Venezuela. Meanwhile, in the New York action, Supreme Court (Peter Tom, J.) issued temporary restraining orders enjoining the withdrawal or transfer of any assets held in accounts for the benefit of Forty-One Corporation. Subsequently, the court conditionally granted respondent's motion to dismiss the New York action on forum non conveniens grounds, directing that the temporary restraining orders remain in effect until further notice in order to preserve the status quo (decision dated Mar. 31, 1993, Sup Ct, NY County, index No. 30453/92).

On July 31, 1995, the Louisiana court rendered judgment in petitioner's favor declaring that the parties have an equal ownership interest in Forty-One Corporation, enjoining respondent from removing any assets from corporate accounts until he complies with the judgment and directing him to deliver one-half the outstanding shares of the corporation to petitioner, return all assets removed from corporate accounts, render an accounting and take all measures necessary to corporate recognition of his sister's ownership interest.

On January 24, 1996, the Louisiana court issued a supplemental judgment dissolving Forty-One Corporation and ordering distribution of its assets. It adjudged that petitioner receive $2,756,146 together with legal interest in compensation for monies removed by respondent from corporate accounts and directed that any remaining assets of the corporation be distributed equally between them. Petitioner later filed this judgment with the New York County Clerk (CPLR 5402 [a]) in

connection with a special proceeding to enforce the judgment (index No. 110939/96). By way of a motion dated July 12, 1996, respondent sought to vacate the filing of the judgment for alleged lack of subject matter jurisdiction. By order to show cause dated July 16, 1996, petitioner sought modification of the temporary restraining orders issued in the New York action to permit enforcement of the Louisiana judgment. By the order subject to appeal, entered August 6, 1996, and by a subsequent order correcting the order subject to appeal, entered September 17, 1996, Supreme Court (Richard Lowe, III, J.) granted petitioner's motion to modify the temporary restraining orders to permit enforcement of the judgment and denied respondent's motion to vacate the filing of the judgment (CPLR 5402).

On November 15, 1996, the Louisiana Court of Appeal affirmed the judgment of the District Court declaring that the parties have an equal interest in Forty-One Corporation. However, in a companion decision, the court reversed so much of the subsequent judgment as purported to dissolve the corporation, holding that the Louisiana trial court lacked subject matter jurisdiction to order dissolution of a Panamanian corporation. Noting that the award of $2,756,146 plus interest assumes distribution of the corporation's assets upon its dissolution, the court modified the latter judgment to declare that petitioner "is entitled to receive such funds upon dissolution of the corporation."

For the sake of clarity, it should be noted that the applications of the parties involve two New York proceedings—an action that has been conditionally dismissed on forum non conveniens grounds, in which temporary restraining orders remain in effect (index No. 30453/92), and a special proceeding to enforce the judgment of a sister State pursuant to CPLR 5402 (b) and 5225 (b) (index No. 110939/96). The enforcement proceeding is merely incidental to the judgment entered in another State and, to the extent the underlying judgment is vacated or modified, the judgment entered here is similarly affected (*see, Boorman v Deutsch*, 152 AD2d 48, 52, *lv dismissed* 76 NY2d 889, citing *Mansfield State Bank v Cohn*, 107 Misc 2d 1078, *affd* 88 AD2d 837, *affd* 58 NY2d 179). Given its function as an enforcement device, the judgment docketed here can be accorded no greater effect than the foreign judgment upon which it is based (*supra*), and it is subject to the same defenses for purposes of modification or vacatur (CPLR 5402 [b]), including "lack of jurisdiction to render the judgment" and "reversal, modification or vacatur of a prior judgment or order upon which it is based" (CPLR 5015 [a] [4], [5]).

The effect of the Louisiana judgments, as modified by the Louisiana Court of Appeal, is to declare the rights of the parties in the corporation, but to deny distribution of corporate assets until formal dissolution "pursuant to the laws of the Republic of Panama." Therefore, there are no funds which petitioner is entitled to recover at this time, and enforcement of the judgment must be denied. However, the Louisiana judgments are in complete accordance with the maintenance of the status quo and the preservation of corporate assets pending resolution of this dispute. In addition, the power of Supreme Court to impose conditions upon dismissing the action before it on the ground of forum non conveniens (CPLR 3211 [a] [4]) is entirely independent of the foreign judgment at issue in the enforcement proceeding. Therefore, the restraining orders forbidding the disposition of any corporate assets held in the subject accounts, except in the ordinary course of the corporation's business, remain in full force and effect. Concur—Rosenberger, J. P., Ellerin, Rubin, Williams and Andrias, JJ.