[705 NYS2d 350]

ALL TERRAIN PROPERTIES, INC., Appellant-Respondent, v ROBERT J. HOY, Respondent-Appellant.

First Department, April 4, 2000

## APPEARANCES OF COUNSEL

*David D. Pavek* of counsel (*David S. Tannenbaum* on the brief; *Duane, Morris & Hecksher, L. L. P.,* New York City, and *David Pavek & Associates,* attorneys, Denver, Colorado), for appellant-respondent.

*Robert P. Stein* of counsel, New York City (*James W. Perkins* and *Glenn T. Burhans* on the brief; and *Camhy Karlinsky & Stein, L. L. P.,* attorneys), for respondent-appellant.

## OPINION OF THE COURT

RUBIN, J.

In this action, plaintiff seeks to domesticate a judgment entered in New Jersey upon the default of defendant Robert J. Hoy. Before the reorganization in bankruptcy of Lord Jeff Knitting Co., Inc., Mr. Hoy, as its president, guaranteed certain notes given by the corporation to National Community Bank of New Jersey, which sued upon the guarantee and obtained the default judgment against him. Plaintiff All Terrain Properties, the remote assignee of the notes, sought an order of attachment in Supreme Court, New York County. The matter is before this Court on plaintiff's appeal from an order entered February 18, 1999, which denied its application and which dismissed the complaint, and on defendant's cross appeal from so much of the order as denied his motion for sanctions against plaintiff and its counsel.

In *Boorman v Deutsch* (152 AD2d 48, 54, *lv dismissed* 76 NY2d 889), this Court noted that "a defendant who has a defense predicated on a lack of in personam jurisdiction may pursue one of two options: either litigate the issue in the main action or decline to appear and accept a default judgment, deferring litigation of the issue until a proceeding is brought to enforce the judgment and mounting a collateral attack at that time." Defendant has contrived yet a third approach, obtaining relief in Bankruptcy Court from the enforcement of the default judgment and attacking in this action the personal jurisdiction of the New Jersey court to enter judgment against him. This Court concludes that defendant has conceded the validity of the judgment and is estopped from contesting the issue in the courts of this State.

The essential facts are not in dispute. In January 1987, on behalf of Lord Jeff Knitting Co., the company over which he presided, defendant Hoy personally guaranteed three promissory notes in favor of National Community Bank (NCB) in the combined value of $950,000. In January 1991, Lord Jeff Knitting Co. was forced into involuntary bankruptcy by its trade creditors. In April 1991, NCB, which was not a party to the bankruptcy proceeding, commenced an action on defendant's guarantee in the Superior Court of New Jersey, Bergen County, to recover the outstanding balance under the notes. The return of service, filed with the court by a Special Deputy, indicates that defendant was served on April 16, 1991 by delivery of the summons and complaint to Steve O'Connor, identified as Lord Jeff's treasurer, at an address indicated to be that of a business. In addition, the Special Deputy sent a copy of the summons and complaint by certified mail to defendant's last known address in Greenwich, Connecticut. The delivery receipt was signed by an unidentified person on April 19, 1991. In a letter dated May 6, 1991, Lord Jeff's bankruptcy counsel wrote to the bank's attorney to confirm his understanding of an earlier telephone conversation that the bank "would not take any further action against Robert Hoy, individually, in the pending State Court matter" while it continued negotiations with the corporate debtor.

In July 1991, NCB applied to the Superior Court for a default judgment against defendant Hoy. The certification of the bank's attorney made reference to the process served upon defendant. On July 25, 1991, the judgment at issue was entered in the amount of $808,376.56. By letter dated August 8, 1991, Lord Jeff's bankruptcy counsel wrote to express his distress over the

bank's application for entry of judgment by default without further notice to Mr. Hoy that it was terminating negotiations. The letter concludes with a request that NCB indicate whether it would be willing to meet with the corporate debtor and to vacate the default judgment against Mr. Hoy.

On September 27, 1991, the Bankruptcy Court entered an order confirming the chapter 11 reorganization plan for Lord Jeff Knitting Co. Under the plan, which was signed by defendant in his corporate capacity, the three NCB notes were recast into a single note and a new payment schedule was set under which Lord Jeff's successor, The Aqua Buoy Corporation, would satisfy the obligation in full. In a provision that plaintiff refers to as the "Hoy Clause," the plan recites: "The Guaranty of Robert Hoy shall remain in place. NCB shall forebear from executing upon its default judgment against Mr. Hoy unless an event of default occurs on the recasted note."

Aqua Buoy failed to make the payment due in January 1992 and, in April 1992, NCB served defendant Hoy, pursuant to the default judgment, with a notice of deposition to inquire into his assets. In May, defendant appeared for the deposition with bankruptcy counsel for Lord Jeff as his legal representative. Following the deposition, NCB took no direct action against defendant, but continued its efforts to collect the amount due under the note from Aqua Buoy and Lord Jeff by liquidating certain real property securing the obligation. The recast note and defendant's guarantee were ultimately acquired by plaintiff All Terrain Properties on November 6, 1998 by assignment from Columbus Realty Investment Corporation, to which NCB had assigned the judgment (assignment dated August 1, 1997). The assignment to plaintiff does not specifically include the default judgment against defendant.

Plaintiff commenced this action to domesticate the New Jersey judgment by filing a summons and complaint on January 21, 1999. Simultaneously, by way of order to show cause, plaintiff sought a temporary restraining order to attach certain funds maintained by defendant in accounts with financial institutions in New York City.

Defendant moved to vacate the temporary restraining order, dismiss the complaint and impose sanctions on plaintiff and its counsel. Defendant maintained that the default judgment was not entitled to full faith and credit because the New Jersey court never obtained personal jurisdiction over him. Plaintiff opposed the motion, asserting that the judgment should be ac-

corded full faith and credit. Plaintiff argued that because defendant had actual knowledge of the New Jersey action and default judgment, never moved to vacate it, appeared at a post-judgment deposition and received the benefit of numerous requests for forbearance, he should be estopped to raise any technical challenge to jurisdiction. Responding to defendant's assertion that the default judgment is invalid, plaintiff asserted that defendant had "acknowledged the validity of the Hoy judgment" having "procured an agreement by All Terrain's predecessor to 'forbear from executing upon its default judgment against Mr. Hoy unless an event of default occurs on the recasted note.'"

Without hearing argument, Supreme Court vacated the temporary restraining order, denied plaintiff's motion for an order of attachment and granted defendant's motion to dismiss the complaint. The court found that the personal service on a co-worker at defendant's place of employment did not satisfy rule 4:4-4 (a) (1) of the New Jersey Rules of Court Governing Civil Practice. The court further rejected plaintiff's arguments that defendant waived all jurisdictional defects by signing the Lord Jeff reorganization plan, noting that Hoy signed the plan in his corporate and not his individual capacity. Furthermore, the court ruled that estoppel is irrelevant given plaintiff's failure to make valid service.

A judgment rendered by a court of a sister State is accorded "the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced" (*Hampton v M'Connel*, 3 Wheat [16 US] 234, 235; *see, Sistare v Sistare*, 218 US 1; *Feinberg v Feinberg*, 96 Misc 2d 443, *affd* 70 AD2d 612 *on opn below*). As observed in *Boorman v Deutsch* (152 AD2d, *supra*, at 52): "A party against whom a default judgment is entered without obtaining jurisdiction over his person may appear and contest its validity or ignore the judgment and assert its invalidity whenever enforcement is attempted (*McMullen v Arnone*, 79 AD2d 496, 499). The judgment, however, is presumptively valid until reversed or set aside (*Hughes v Cuming*, 165 NY 91; *see also, Cook v Cook*, 342 US 126, 128)." While inquiry into the underlying merits is precluded, the court will ascertain whether the foreign court had jurisdiction to enter judgment (*see, Fiore v Oakwood Plaza Shopping Ctr.*, 78 NY2d 572, 577). Where jurisdiction over the person was not obtained, the ensuing judgment is ineffective and voidable unless the defendant waives the issue (*Feinstein v Bergner*, 48 NY2d 234, 241). Actual receipt of pro-

cess does not cure a failure to effect service in accordance with mandated statutory requirements (*supra*).

As in *Boorman v Deutsch* (*supra*, at 51), the issue here "is whether defendant, by his actions, has waived the issue of in personam jurisdiction." New York courts do not accord full faith and credit to a default judgment because it is not regarded as a disposition on the merits (*DFI Communications v Golden Penn Theatre Ticket Serv.*, 87 AD2d 778). Plaintiff, however, cites authority to support its contention that New Jersey courts will preclude a defendant from contesting the validity of service of process where he has received actual knowledge of a judgment but has failed to take timely action to vacate it (*Wohlegmuth v 560 Ocean Club*, 302 NJ Super 306, 695 A2d 345; *Rosa v Araujo*, 260 NJ Super 458, 616 A2d 1328).

It is beyond dispute that the final decree of Bankruptcy Court approving the Lord Jeff reorganization plan is entitled to full faith and credit. Moreover, there is considerable merit to plaintiff's contention that defendant derived a personal advantage from the reorganization plan. The stay preventing NCB from executing on its judgment was obviously inserted in defendant's interest and not for the benefit of the debtor corporation. The stay was actually detrimental to Lord Jeff's interests because the debtor would have derived a monetary benefit equal to any amount collected from defendant, whose liability was joint and several.

Supreme Court found it dispositive that defendant was not a party to the bankruptcy proceeding, having appeared only as Lord Jeff's president, noting that "no part of the Plan's language can be construed as a waiver of [Hoy's] jurisdictional defenses." Concededly, defendant appeared in the proceeding in his corporate capacity, and res judicata treatment, requiring identity of parties, is therefore inappropriate (*Matter of Hodes v Axelrod*, 70 NY2d 364, 372). Plaintiff, however, seeks to preclude defendant on the narrower doctrine of collateral estoppel, which requires only that "an issue in the present proceeding be identical to that necessarily decided in a prior proceeding, and that in the prior proceeding the party against whom preclusion is sought was accorded a full and fair opportunity to contest the issue" (*Allied Chem. v Niagara Mohawk Power Corp.*, 72 NY2d 271, 276, *cert denied* 488 US 1005). The party to be estopped must have been either a party to the prior proceeding or in privity with a party to that proceeding (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664). The operative question is therefore whether defendant can be said

to have been in privity with the corporate debtor to the extent that his personal interests are subject to the decree.

Privity has been described as "an amorphous term not susceptible to ease of application" (*Gramatan Home Investors Corp. v Lopez*, 46 NY2d 481, 486). The doctrine extends to "persons who were not parties to the previous action but who were connected with it to such an extent that they are treated as if they were parties" (*supra,* at 486). "What is controlling is the identity of the issue which has necessarily been decided in the prior action or proceeding" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500). Plaintiff contends that the language contained in the Hoy Clause indicates that the parties treated the New Jersey default judgment as valid. This Court finds particular merit to plaintiff's position that implicit in an order imposing a stay of enforcement of a judgment is a finding that the judgment stayed is enforceable.

Also applicable is the doctrine of judicial estoppel, which "precludes a party who assumed a certain position in a prior legal proceeding and who secured a judgment in his or her favor from assuming a contrary position in another action simply because his or her interests have changed" (*Ford Motor Credit Co. v Colonial Funding Corp.*, 215 AD2d 435, 436). The doctrine "rests upon the principle that a litigant 'should not be permitted * * * to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise'" (*Environmental Concern v Larchwood Constr. Corp.*, 101 AD2d 591, 593, quoting Note, *The Doctrine of Preclusion Against Inconsistent Positions in Judicial Proceedings,* 59 Harv L Rev 1132).

It would be unduly restrictive to deny application of the judicial estoppel doctrine because a decree in bankruptcy is not a "judgment" and because defendant was not the debtor or a claimant in the proceeding. It is highly significant that the reorganization plan's provision governing the notes held by NCB constitutes a novation, in which the notes are consolidated, the obligation of Aqua Buoy is added to that of the debtor (Lord Jeff) and guarantor (defendant) and the creditor is barred from enforcing its judgment until a default occurs under the recast note. Defendant is very much a party to the new contractual relationship, having derived a benefit from both the financial obligation imposed upon Aqua Buoy and the stay imposed against NCB.

Having received the advantage of the Bankruptcy Court's disposition, defendant is estopped to deny the effectiveness of

the default judgment in favor of NCB. Apart from any benefit conferred on defendant guarantor, the bank incurred the detriment of being unable to take steps to enforce its judgment. It is settled that forbearance is valuable consideration supporting the enforcement of an obligation (*Hamer v Sidway*, 124 NY 538 [forbearance from exercising a right constitutes consideration]; *see also*, *Taylor v Blaylock & Partners*, 240 AD2d 289, 290-291 [forgoing salary supports modification of employment contract]). It is uncontroverted that the creditor took no action to enforce the default judgment prior to Aqua Buoy's default in payment under the recast note. Even if this Court were to presume that earlier enforcement efforts would have resulted in a finding that the judgment is invalid, the creditor nonetheless incurred a detriment as a result of the prejudice occasioned by the delay. Had the effectiveness of service of process been tested in a timely fashion in the local forum, plaintiff would not be confronting the prospect of commencing a new action on the guarantee some five years later as the result of defendant's collateral attack on the judgment.

Nor is it dispositive that defendant appeared in the bankruptcy proceedings in his corporate capacity. Defendant's personal interests were ably represented, as indicated by the correspondence from the debtor's counsel on his behalf. Moreover, defendant was in the position of negotiating with creditors on behalf of the debtor. He had personal knowledge of the facts concerning the judgment obtained on his guarantee and was in a position to correct any misapprehension by the Bankruptcy Court with regard to the content and language of the reorganization plan.

Because defendant acquiesced in the treatment of the default judgment by Bankruptcy Court as valid and enforceable and derived a benefit from the stay imposed, he may not assert a contrary position at this time. The case of *Channel Home Ctrs. v Grossman* (795 F2d 291 [3d Cir]), involving an allegedly ineffective contract, is illustrative. In that case, a landlord obtained a letter of intent, executed by Channel Home Centers, to enter into a lease for retail space. The landlord used the letter to obtain financing and subsequently leased the space to a competitor of Channel. The court ruled that the benefit derived from the otherwise unenforceable letter of intent was consideration sufficient to compel enforcement of a contract consistent with its terms, requiring the landlord to withdraw the premises from the market in favor of the proposed lease to Channel. Similarly, having availed himself of the relief from enforce-

ment of the judgment obtained by NCB, now asserted to be unenforceable, defendant will not be heard to argue that he should not be bound by the plan of reorganization under which relief was afforded. As the Hoy Clause treats the judgment as security for Aqua Buoy's payments under the recast note, defendant is estopped to contend that it was ineffective and without value.

This analysis is fully supported by New Jersey law. As a threshold consideration, "due process requires only 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections' " (*Wohlegmuth v 560 Ocean Club*, 302 NJ Super 306, 313, 695 A2d 345, 348, *supra*, quoting *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314). Therefore, "not every defect in the manner in which process is served renders the judgment upon which the action is brought void and unenforceable" (*Rosa v Araujo*, 260 NJ Super 458, 462, 616 A2d 1328, 1330, *supra*). Where actual notice of the action is timely received, a due process violation is not implicated. In addition, estoppel applies to preclude a defendant from vacating a judgment entered on default where participation in judicial proceedings requires that the defendant apprise the court of the asserted lack of in personam jurisdiction (*supra*, 260 NJ Super, at 464, 616 A2d, at 1331; *see also, Wohlegmuth v 560 Ocean Club, supra*, 302 NJ Super, at 314, 695 A2d, at 349, quoting *Besson v Eveland*, 26 NJ Eq 468, 472 [" '[H]e who is silent when conscience requires him to speak, shall not be permitted to speak when conscience requires him to be silent.' "]). The New Jersey courts have further indicated that the mere passage of time may be prejudicial to the rights of a plaintiff so as to estop the defendant from asserting the defense on the ground of laches (*Wohlegmuth v 560 Ocean Club, supra*, 302 NJ Super, at 314, 695 A2d, at 348-349).

Finally, there is no merit to defendant's contention that his personal interests were not represented before Bankruptcy Court because he did not retain counsel until after the proceedings were concluded. It is apparent that the firm representing the debtor corporation took measures to advance defendant's personal interest during the pendency of the bankruptcy proceedings as well as in the action on his guarantee. The representation of defendant's interests by the same law firm in both actions suggests that defendant, individually, was "inextricably involved" in the proceedings before Bankruptcy

Court (see, *Watts v Swiss Bank Corp.*, 27 NY2d 270, 278). As the Court of Appeals stated, the doctrine of res judicata, of which collateral estoppel is a species, "includes those who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly coparties to a prior action" (*Watts v Swiss Bank Corp.*, *supra*, at 277, citing Restatement of Judgments §§ 81-90). The Court went on to note that "a person may so involve himself with litigation in which he is interested that the result is *res judicata* against him" (*supra*, at 277). In view of defendant's interest in avoiding liability under his guarantee and the insertion of the stay against enforcement of the default judgment into the reorganization plan, defendant's individual concerns were represented in the bankruptcy proceeding to such an extent that he is bound by the result. The letters from the debtor corporation's counsel seeking to avoid "further action against Robert Hoy, individually" leave no doubt that his personal interests were duly represented. Having acquiesced in counsel's successful efforts to obtain affirmative relief on his behalf before Bankruptcy Court, defendant cannot disavow his interest in the proceedings and relitigate a fact central to the relief bestowed.

Accordingly, the order of Supreme Court, New York County (Leland DeGrasse J.), entered February 18, 1999, which, *inter alia*, denied plaintiff's motion for an order of attachment, granted defendant's motion to dismiss the complaint and denied defendant's motion for sanctions pursuant to 22 NYCRR 130-1.1, should be modified, on the law and the facts, to the extent of denying defendant's motion, reinstating the complaint, and remanding the matter to Supreme Court for further proceedings, and, except as so modified, affirmed, without costs.

WILLIAMS, J. P., ELLERIN and SAXE, JJ., concur.

Order, Supreme Court, New York County, entered February 18, 1999, modified, on the law and the facts, to the extent of denying defendant's motion to dismiss the complaint, the complaint reinstated and the matter remanded to Supreme Court for further proceedings, and, except as so modified, affirmed, without costs.