■ ADRIANNA BECERRIL, Appellant, v CITY OF NEW YORK DEPARTMENT OF HEALTH AND MENTAL HYGIENE et al., Respondents. [973 NYS2d 586]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered May 8, 2012, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was the assistant director of a facility known as East Bronx Day Care. While employed there, plaintiff applied for a position with defendant Department of Health (DOH) as an Early Childhood Education Consultant (ECEC). In August 2007,

DOH notified plaintiff that she was hired. Plaintiff was given a start date of September 4, 2007, and was directed to report to the DOH office at 125 Worth Street, in Manhattan.

Plaintiff alleges in this action that on September 4, 2007 she could not recall the correct address, and, instead of Worth Street, unsuccessfully attempted to go to 125 Wall Street. Plaintiff was also unable to reach anyone at DOH, and, after a few hours, gave up and went home. Once home, plaintiff located another DOH phone number, called in, and was told to report to work the next morning.

At about 5:00 a.m. the next morning, September 5, 2007, plaintiff, who was then at least four months pregnant, felt pain and contractions. Her husband took her to Lincoln Hospital, where she was intravenously hydrated. Plaintiff was released at about 11:00 or 11:30 a.m. After checking her messages, she called DOH and reported what had happened to her.

Plaintiff was initially told to report to work the next day, and bring a doctor's note to explain her absence. Later that afternoon, however, plaintiff was told that DOH could "no longer grant [her] employment." Plaintiff alleges that, about a week later, she contacted East Bronx Day Care, and they agreed to take her back. Plaintiff returned to work there on September 12, 2007. On the same day, she went to see her doctor on her lunch break. She returned to the office with a note from her doctor indicating that she had "preterm labor" and "restrictions" on walking. On either September 13, 2007, or September 17, 2007, East Bronx Day Care informed plaintiff that she was terminated.*

Plaintiff thereafter commenced the instant action against defendants, asserting claims of gender- and pregnancy/disability-based discrimination under the New York City Human Rights Law. In November 2008, plaintiff also commenced an action against East Bronx Day Care (sued as "East Bronx NAACP Child Development Center") in the United States District Court for the Southern District of New York, asserting claims of gender- and pregnancy-based discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 USC, ch 21, § 2000e *et seq.*), as amended by the Pregnancy Discrimination Act of 1978

---

* Although plaintiff testified at her 2010 deposition that she was terminated on September 13, 2007, she conceded that she was uncertain of the actual termination date. Based on plaintiff's allegations in the federal lawsuit, she was awarded a default judgment based on a termination date of September 17, 2007. Regardless of which date is actually correct, the outcome of this appeal is the same, as we find that plaintiff is judicially estopped from contradicting her position in the federal litigation.

(adding 42 USC § 2000e [k]), and the New York State and City Human Rights Laws. East Bronx Day Care defaulted, and, in March 2009, the District Court granted plaintiff's motion for a default judgment. In August 2009, based on plaintiff's submissions, the District Court found plaintiff to be entitled to damages against East Bronx Day Care. Among other things, the District Court expressly found that plaintiff was employed at East Bronx Day Care "from April 2005 until September 17, 2007."

The doctrine of judicial estoppel prevents a party who assumed a certain position in a prior proceeding and secured a ruling in his or her favor from advancing a contrary position in another action, simply because his or her interests have changed (*see D & L Holdings v Goldman Co.*, 287 AD2d 65, 71 [1st Dept 2001], *lv denied* 97 NY2d 611 [2002]). Also known as the "doctrine of estoppel against inconsistent positions" (*Environmental Concern v Larchwood Constr. Corp.*, 101 AD2d 591, 593 [2d Dept 1984]), the doctrine "rests upon the principle that a litigant should not be permitted to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise" (*All Terrain Props. v Hoy*, 265 AD2d 87, 93 [1st Dept 2000] [internal quotation marks and punctuation omitted]). Applying this doctrine, we find that plaintiff has failed to show that she was "qualified" for the ECEC position, as required to make out a prima facie case of discrimination (*see Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29, 35 [1st Dept 2011], *lv denied* 18 NY3d 811 [2012]; *Baldwin v Cablevision Sys. Corp.*, 65 AD3d 961, 965 [1st Dept 2009], *lv denied* 14 NY3d 701 [2010]), since plaintiff is judicially estopped from denying that, at the time she was allegedly discriminated against by defendants, she was actually employed with East Bronx Day Care, which would make it impossible for her to carry out her duties for defendants.

We reject plaintiff's argument that the federal action was commenced in November 2008, after this action was commenced in August 2008, and therefore does not qualify as a "prior legal proceeding" for purposes of the doctrine of judicial estoppel. What is important for purposes of the doctrine is that, based upon plaintiff's submissions, the District Court made a factual determination in her favor in August 2009, more than two years before defendants made the instant motion for summary judgment in September 2011. The fact that the District Court action was commenced later than this action is immaterial.

We likewise reject plaintiff's contentions that there is no inconsistency between the positions she took in the federal action

and those she has taken in this action. In particular, plaintiff asserts that, although she averred in the federal action that she began working with East Bronx Day Care in April 2005 and was terminated on September 17, 2007, she never expressly stated that her employment there was continuous. Plaintiff neglected to inform the District Court that, while employed at East Bronx Day Care, she pursued and accepted another job with DOH which she was slated to start on September 4, 2007, left East Bronx Day Care, was allegedly discriminated against by the City, and returned to East Bronx Day Care prior to being discriminated against there and terminated after a single day. These facts would have been highly material to her claim against East Bronx Day Care, and it was highly misleading, at best, for plaintiff to omit her City employment from her submissions to the District Court.

In any event, based on plaintiff's submissions, the District Court expressly found that she was employed by East Bronx Day Care from April 2005 until September 17, 2007. If this finding was incorrect, then it was incumbent upon plaintiff to move to correct the finding, or else be bound by it in subsequent legal proceedings. Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Feinman and Clark, JJ. **[Prior Case History: 35 Misc 3d 1223(A), 2012 NY Slip Op 50825(U).]**