260 N.J. Super. 458 (1992)
616 A.2d 1328
ARTHUR ROSA, PLAINTIFF-RESPONDENT,
v.
ANTONIO ARAUJO, DEFENDANT-APPELLANT, AND RICHARD GOMES AND AUGUSTO GOMES, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Submitted October 26, 1992.
Decided November 30, 1992.
*460 Before Judges PETRELLA, LONG and KEEFE.
Anthony Cabelo, attorney for appellant.
Jeffrey D. Marshall, attorney for respondent.
The opinion of the court was delivered by KEEFE, J.A.D.
Defendant Antonio Araujo appeals from the denial of his motion to vacate a default judgment entered against him by the Clerk of the Superior Court on July 10, 1990 in the sum of $32,838.56 plus costs. We affirm.
*461 The complaint against Araujo and others was filed on May 25, 1990. The return of service stated that service was made upon him on June 4, 1990
at his usual place of abode, 304 Ridge Street, Newark, New Jersey, by leaving a copy thereof, together with a copy of the complaint and notice of lis pendens with a competent female member of his household of the age of 14 years or over, then residing therein Alexandra Solano, M.O.H.[1]
No answer having been received from Araujo, plaintiff's attorney filed a request to enter default judgment, an affidavit of proof, and an affidavit of non-military service with the Clerk of the Court on July 9, 1990. A default judgment was subsequently entered by the Clerk on July 10, 1990.
On July 12, 1991 a motion to vacate the judgment was filed by an attorney other than the one now representing Araujo. The ground upon which the motion was made was "excusable neglect." See R. 4:50-1(a). The motion was supported by a certification signed by Araujo in which he essentially contended that the debt had been paid. The certification did not inform the court why an answer to the complaint had not been filed. The motion resulted in an order issued on August 9, 1991, denying the relief requested. No appeal was taken from that order.
On November 27, 1991 defendant's current attorney filed another motion to vacate the July 10, 1990 default judgment. For the first time, Araujo contended that he was not served in accordance with the provisions of R. 4:4-4(a)(1). He also contended for the first time that the affidavit of proof upon which the judgment was entered was "not legally sufficient pursuant to R. 4:43-2," and that an affidavit of non-military service was not filed pursuant to R. 1:5-7. The motion was accompanied by the certifications of Araujo, his current attorney, the sheriff's officer who effected the service, Alexandra Solano and Jack J. Soriano, the attorney who represented Araujo when suit was *462 instituted. The motion was heard on the papers and resulted in the entry of the order from which Araujo now appeals.
On appeal, Araujo contends that the trial judge erred because: 1) the default judgment entered against him was void for lack of in personam jurisdiction; 2) the affidavit of proof in support of the default judgment was insufficient under the rule; 3) the trial judge should have exercised the broad discretion afforded by the provisions of R. 4:50-1(f) to vacate the judgment; and 4) plaintiff's failure to file a certification addressing the merits of the underlying claim was an improper response to the merits of the motion.
Initially, we observe that the denial of Araujo's first motion to vacate the default judgment was a final order from which defendant had the right to appeal. See Haber v. Haber, 253 N.J. Super. 413, 601 A.2d 1199 (App.Div. 1992). Defendant's attempt to relitigate the same issue under R. 4:50-1 by simply raising different arguments arising out of the same facts would ordinarily be precluded on principles of finality. However, because this appeal raises a facial question of due process relative to the court's jurisdiction over the defendant, we will address that issue on its merits.
We accept for the purpose of this opinion, that Alexandra Solano was not a member of the defendant's household on the date service was effected by the sheriff's officer. Thus, service was not made in accordance with the provisions of R. 4:4-4(a)(1). Generally, where a default judgment is taken in the face of defective personal service, the judgment is void. See Garza v. Paone, 44 N.J. Super. 553, 131 A.2d 32 (App.Div. 1957). However, not every defect in the manner in which process is served renders the judgment upon which the action is brought void and unenforceable. See DeGroot v. Camarota, 169 N.J. Super. 338, 404 A.2d 1211 (App.Div. 1979). The requirement that a court have personal jurisdiction over a defendant is designed to protect the defendant's individual liberty interest flowing from the Due Process clause. Insurance Corp. v. *463 Compagnie des Bauxites, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492, 501 (1982). Thus, the court rules which describe the manner in which process is to be served must be read in the context of effecting due process. In recognition of that concept our Supreme Court in O'Connor v. Abraham Altus, 67 N.J. 106, 126, 335 A.2d 545 (1975) stated:
"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."
[quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950).]
Where due process has been afforded a litigant, technical violations of the rule concerning service of process do not defeat the court's jurisdiction. Id. 67 N.J. at 127-28, 335 A.2d 545.
An examination of the facts of this case in a light most favorable to defendant reveals that due process considerations have been fully met. Regardless of the fact that Ms. Solano was not the appropriate person to receive service of process on behalf of defendant, defendant's certification as well as his first attorney's certification reveal that he received the summons and complaint, and turned it over to his attorney before the default judgment was entered. Indeed, Mr. Soriano's letter to plaintiff's attorney on July 5, 1990 requested an extension of time to serve an answer to the complaint. Soriano's certification does not reveal whether the extension was signed and returned, nor does it explain why an answer was never filed. However, the absence of that explanation is not relevant to the question of due process. The fact of the matter is that defendant concededly received the summons and complaint prior to the entry of default judgment, was aware of the nature of the lawsuit, and turned the matter over to an attorney for representation. Thus, service was made on the defendant in a manner that satisfied due process. See, DeGroot, supra, 169 N.J. Super. at 342, 404 A.2d 1211.
*464 Further, since the requirement of personal jurisdiction is an individual right, "it can, like other such rights, be waived[,]" and may also be "subject to certain procedural rules [to the end that] failure to follow those rules may well result in a curtailment of the rights." Insurance Corp., supra, 456 U.S. at 705, 102 S.Ct. at 2105, 72 L.Ed.2d at 502. Because defendant received the summons and complaint in this matter and presented it to an attorney for representation before the default judgment was taken against him and during the period of time in which an answer could have been filed, see R. 4:6-1(c), he was required to raise the defense of lack of jurisdiction over his person by motion before answering, or in his answer and then by motion within 90 days after service of the answer. R. 4:6-2, and R. 4:6-3. His failure to do so resulted in a waiver of any such objection. R. 4:6-7. The use of such procedural rules to effect a waiver of an individual right grounded in the Constitution "does not in itself violate the defendant's due process rights." Insurance Corp., supra, 456 U.S. at 707, 102 S.Ct. at 2106, 72 L.Ed.2d at 504.
Affirmed.
NOTES
[1] The letters M.O.H. are an abbreviation for the phrase, "member of his household."