Aguiar, J.
This appeal raises the issue of whether the judge erred in denying plaintiff’s Motion for Partial Summary Judgment on Count III of plaintiff’s complaint (Request for Declaratory Judgment).
We find there was no error.
On August 12, 1996, in the backyard of the three family house located at 37 School Street, Roxbury, Massachusetts, owned by Milagros Ruiz and the defendant Edwin Buzzetta, the plaintiff, seven year old Emily Ruiz was struck just below the eye by a “water rocket” which her ten year old cousin, the defendant Edwin Buzzetta, Jr. had been playing with. As a result of the “water rocket” striking her face, Emily suffered a laceration requiring six sutures to close. Defendant Arbella Mutual Insurance company denied Emily’s claim for damages citing certain exclusionary language contained in the homeowners’ policy purchased from Arbella by *177 Emily’s mother, Milagros Ruiz, and Emily’s uncle, Edwin Buzzetta, relative to 37 School Street, Roxbury, Massachusetts. This action was brought and plaintiff filed the motion in question which was denied by the trial court without stating its reasons therefor. Milagros Ruiz and Edwin Buzzetta are co-owners of the three family home (the “Insured Premises”) and they are the named insureds on the homeowners’ insurance policy they purchased from Arbella Mutual Insurance Company relative to the Insured Premises. Emily lives in the second floor apartment of the Insured Premises with her father and her mother, Milagros Ruiz. Edwin Buzzetta, Jr. lives in the third floor apartment of the Insured Premises with his father, Edwin Buzzetta. Arbella based its decision not to furnish “Coverage E, Personal Liability” on its determination that Edwin Buzzetta and Emily Ruiz fit the definition of an “insured” set forth in the policy under its exclusionary section.
Summary judgment should only be granted when there is no genuine issue as to any material fact. In this case there was a genuine issue of fact. Arbella’s position is that the plaintiff is a resident of the defendant Edwin Buzzetta’s household and therefore the exclusionary clause set forth in Arbella’s homeowners’ policy justifies its denial of bodily injury coverage for such injuries. The plaintiff’s position is that she is not a resident of Edwin Buzzetta’s household and therefore the exclusionary clause does not apply and coverage should be afforded under Arbella’s policy for her loss.
This appeal further raises the issue of whether the trial court committed error in failing to state its reasons for denying plaintiff’s motion for summary judgment.
We find there was no error.
A district court judge does not have to state reasons for denying a motion.
By denying plaintiff’s motion the judge impliedly found that there was a genuine issue of fact and the matter should proceed to trial.
In addition, we find that this appeal is premature. The matter has not been disposed of at trial. This is in effect a request for action on an interlocutory matter. Unless a judge making an interlocutory order reports it to an appellate court for review, the order is not subject to appellate review until the case is in all other respects ripe for final-disposition in the trial court.
For all of the above reasons we find there was no error and the appeal is dismissed.