Crimmins, J.
This is an action brought by the plaintiff, New Jersey State Firemen’s Mutual Benevolent Association (hereinafter “FMBA”), to enforce an out of state judgement against Telco Communications, Inc. (hereinafter ‘Telco”). Summary judgment was granted in the plaintiff’s favor. Telco appeals that decision as it contends that New Jersey lacked personal jurisdiction over it and thus any judgment against it is void. We find this contention without merit and affirm the judgment below.
A foreign judgment will not be enforced where it is apparent that the court issuing the judgment lacked in personam jurisdiction over the defendant. Quinn v. Quinn, 5 Mass. App. Ct. 794 (1977). Telco bears the burden of demonstrating that the New Jersey courts did not have in personam jurisdiction. Id. Due process is satisfied if notice of the action was given in a manner reasonably calculated to reach it. Commonwealth v. Olivo, 369 Mass. 62, 68 (1975). There is no question that New Jersey courts had subject matter jurisdiction or that Telco received actual notice of the pendency of the action by certified mail. Telco’s argument that New Jersey lacked personal jurisdiction is based on an alleged technical defect in service of process. The FMBA served process upon Telco by substituted service. *230 The New Jersey long arm statute allows a plaintiff to use substituted or constructive service where “it appears by affidavit... that despite diligent effort and inquiry personal service cannot be made” as otherwise provided. N.J. R. Super. Tax Surr. Cts. R. 4:4-4 (b) (1). Telco does not argue that the constructive service was improperly completed. Rather Telco argues that constructive service was improper as the FMBA did not exercise “diligent effort and inquiry” and thus, substituted service could not be employed.
We need not decide whether “diligent effort and inquiry” was actually exercised by counsel. In this case, it is clear that the defendant did receive notice as the return receipt was signed two days after it was mailed and the defendant’s attorney filed a motion to enjoin the New Jersey suit on January 1, 1994. Where there is actual notice to the defendant New Jersey courts refuse to allow a technical defect in service of process to defeat personal jurisdiction. See Rosa v. Araujo, 616 A2d 1328 (N.J. Super. A.D. 1992) (service valid despite fact that process server left copy of complaint with woman not a member of defendant’s household as required by statute). In Rosa, the court held that “[wjhere due process has been afforded a litigant, technical violations of the rule concerning service of process do not defeat the court’s jurisdiction.” Id. at 1330. The court, in quoting from Mullans v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950), noted that the requirement of due process is that the interested parties receive notice of the action proceeding against them and be afforded the opportunity to be heard. Rosa, supra at 1330. Here, the defendant has received actual notice and the due process requirements have been met. Thus, even assuming that counsel did not exercise diligent effort before employing substituted service, this technical violation of the rule would not defeat the court’s jurisdiction under New Jersey law. Because the New Jersey court did have personal jurisdiction over Telco and there are no material issues of fact in dispute, summary judgment for the FMBA was properly granted.
For all of the above reasons, the decision of the trial judge is affirmed and the appeal is dismissed.
So ordered.