Rufo, J.
The defendant, W.J. Donovan, Inc. (‘W.J. Donovan”), seeks relief under Dist./Mun. Cts. R. A. D. A., Rule 8A, from a trial court’s denial of its motion for summary judgment and the allowance of the plaintiff Victory Packaging Corp.’s (“Victory”) motion for summary judgment filed pursuant to Mass. R. Civ. R, Rule 56.[1] This is an action by a Texas corporation, Victory, to enforce a foreign default judgment rendered by the Texas County Court of Dallas County At Law, No. 4, Dallas, Texas, against a Massachusetts corporation, W.J. Donovan.
The undisputed facts, viewed in the light most favorable to Victory, the non-moving party, see Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117 (1991), are as follows: Theodore A. Mohlman, Victory’s general manager for Dallas, was contacted by a person who identified himself as the operations manager for W.J. Donovan, a moving and storage company. Mohlman was advised that W.J. Donovan was opening a branch office in Texas and wanted to purchase packaging materials from Victory. After checking credit references, Mohlman, on behalf of Victory, agreed to sell such materials on an open account to W.J. Donovan. In his affidavit, Mohlman denies the assertion made by W.J. Donovan that he would be doing business with a Texas corporation known as W.J. Donovan of Texas, Inc.” Mohlman observed during the course of business, that the vehicles and equipment at the W.J. Donovan’s facility bore the name “W.J. Donovan, Inc.” There was no indication the business operation in Texas was being conducted by any other entity. Victory’s bills were paid from W.J. Donovan’s office in Massachusetts. On July 28, 2000, default judgment was entered against W.J. Donovan by the Texas County Court of Dallas County At Law, No. 4, Dallas, Texas, in the amount of *149 $24,192.58. W.J. Donovan did not defend or otherwise appear in this action. In entering the default judgment, the Texas court “determined it had jurisdiction over the subject matter and the parties to the proceeding.” The Texas court noted that W.J. Donovan, although having been duly and legally cited to appear and answer, failed to appear and answer.
We affirm and agree with the trial judge that Victory has demonstrated that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. We further concur with the trial judge’s conclusion that W.J. Donovan has not shown or raised any genuine issue of material fact which entitles it to a trial.
Since W.J. Donovan filed no appearance in the Texas case, it is restricted to litigate the sole issue of whether the Texas court had proper jurisdiction over it. Old Dominion Copper Mine & Smelting Co. v. Bigelow, 203 Mass. 159 (1909). In this regard, Victory alleged that service of process was made in conformity with the Texas “long-arm” statute and that the gravamen of the complaint centered around a contract entered into and performed in the state of Texas. In Texas, unlike in Massachusetts, in order for a default judgment to enter, jurisdiction must affirmatively appear on the face of the record. McKanna v. Edgar, 388 S.W.2d 927 (Tex. 1965). Victory has the burden of making sufficient allegations to bring the defendant within the provisions of the Texas “long-arm” statute. Parnass v. L & L Realty Corp., 482 S.W.2d 944 (Tex. Civ. App. 1972). If the plaintiff satisfies this burden and service is properly made according to Texas law, it becomes defendant[1] s burden to contest jurisdiction, and failure to do so can foreclose the issue. Thorpe v. Volkert, 882 S.W.2d 592 (Tex. App. 1st Dist. 1994). Here Victory alleged that its claim arose out of business that W.J. Donovan engaged in the state of Texas, and that W.J. Donovan was located outside of Texas. These allegations were sufficient to shift to W.J. Donovan the onus of showing an improper exercise of jurisdiction by the Texas court. Victory served W.J. Donovan by delivering process to the Texas Secretary of State, as provided by Texas law. On June 29,2000, the Texas Secretary of State certified that service was made on W.J. Donovan by certified mail, return receipt requested. W.J. Donovan failed to answer or otherwise appear in the action and Victory recovered default judgment.
The Texas “long-arm” statute authorizes the exercise of jurisdiction over all parties who do business in Texas. Tex. P. & Rem. Code §17.042. Texas courts have held that “the broad language of the ’long-arm’ statute’s doing business requirement allows the statute to reach as far as the federal constitution permits.” Schlobohm v. Schapiro, 784 S.W.2d 355, 357 (Tex. 1990). The Due Process Clause protects an individual’s liberty interest in not being subject to the binding judgments of a forum with which he has-established no meaningful “contacts, ties or relations.” International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). By requiring that individuals have fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign, the Due Process Clause gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).
As in Shapiro Equip. Corp. v. Morris & Son Constr. Corp., 369 Mass. 968 (1976), W.J. Donovan has not met its burden by alleging specific facts that would raise the issue of lack of personal jurisdiction. W.J. Donovan does not meet its burden by general allegations upon information and belief. There were no allegations of fact suggesting inadequate notice or lack of territorial jurisdiction or lack of subject matter jurisdiction or finality. See New Jersey State Firemen’s Mut. Benevolent Ass’n v. Telco Communications, Inc., 1999 Mass. App. Div. 229; RESTATEMENT OF JUDGMENTS SECOND §81, comment a. W.J. Donovan’s actions reflect that it conducted business in Texas within the scope and meaning of the Texas “long-arm” statute. *150 Entry of summary judgment against WJ. Donovan, which made no showing of improper exercise of jurisdiction, was appropriate.
For these reasons, the decision of the trial judge is affirmed and the appeal is dismissed.
So ordered.

 The denial of a motion for summary judgment is an interlocutory ruling not subject to appeal to the Appellate Division until after judgment is entered in the case. Ruiz v. Arbella Mut. Ins. Co., 1998 Mass. App. Div. 176.