NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2577-15T4

F.A.L. REALTY, INC.,

 Plaintiff-Respondent,

v.

TR & SONS REALTY, LLC,

 Defendant-Appellant.
_________________________________

 Submitted March 9, 2017 – Decided September 11, 2017

 Before Judges O'Connor and Whipple.

 On appeal from Superior Court of New Jersey
 Chancery Division, Bergen County, Docket No.
 F-30460-14.

 Kates Nussman Rapone Ellis & Farhi, LLP,
 attorneys for appellant (Michael Farhi, on
 the brief).

 Schumann Hanlon, LLC, attorneys for
 respondent (Eugene R. Boffa, III, of
 counsel; Joseph Elmo Cauda, Jr., on the
 brief).

PER CURIAM

 Defendant TR & Sons Realty, LLC, appeals from a January 14,

2016 General Equity Part order denying its application to vacate
a final default judgment in foreclosure entered in favor of

plaintiff, as well as the sheriff's sale held in this matter.

Defendant sought this relief on the ground it had not been

served with the complaint in foreclosure. Having reviewed

defendant's arguments in light of the record and applicable

principles of law, we reverse the order under review and remand

for further proceedings.

 I

 The following facts are derived from the motion record.

Defendant executed a note in favor of plaintiff F.A.L. Realty,

Inc., for $628,000. The note was secured by a non-residential

purchase money mortgage. Defendant defaulted on the note. In

December 2013, plaintiff served defendant with a Notice of

Default and Intent to Foreclose, which defendant's attorney

acknowledged receiving a few weeks later. The attorney advised

plaintiff that defendant would bring its payments current by

April 2014, and requested plaintiff refrain from filing a

complaint in foreclosure.

 In February 2014, defendant informed plaintiff it could not

cure the default by April 2014. In response, plaintiff agreed

to modify the terms of the note and, in March 2014, the parties

executed a loan modification agreement. However, defendant

 2
 A-2577-15T4
failed to make any payments under that agreement and, in July

2014, plaintiff filed a complaint in foreclosure.

 Plaintiff claims it served defendant in accordance with

Rule 4:4-4(6). The affidavit of service, executed by a private

process server, states on July 31, 2014, the summons, complaint,

and foreclosure case information statement were served on

defendant's managing agent. The affidavit further claims the

person who accepted service refused to provide her name, but the

process server described her as a sixty-five year old, white

female with "red/blonde" hair, who stood five feet, three inches

and weighed 125 pounds.

 Defendant did not file a responsive pleading and on

December 5, 2014, a default judgment in foreclosure was entered.

In September 2015, a sheriff's sale was scheduled. Defendant

successfully obtained an adjournment of the sale to October 23,

2015; that date was subsequently adjourned to November 14, 2015,

December 4, 2015, and January 8, 2016. On November 10, 2015,

defendant filed an order to show cause seeking to vacate the

default judgment and sheriff's sale.

 In support of its application, defendant's principal, Tarek

Ramadan, submitted a certification asserting defendant had never

been served with the summons and complaint. Ramadan further

claimed he had not been aware a judgment had been entered, let
 3
 A-2577-15T4
alone a complaint filed, until September 2015, when he learned

of the scheduled sheriff's sale. He stated he attempted to

negotiate a resolution but, when settlement efforts failed,

filed the order to show cause. In a supplemental certification,

Ramadan stated the person described in the affidavit of service

who accepted the summons and complaint on defendant's behalf did

not fit the description of defendant's managing agent or any of

its employees.

 Plaintiff's principal, Alberto Silva, executed a

certification in opposition to defendant's application. Silva

claimed he spoke with Ramadan on February 5, 2015, at which time

Ramadan stated he was working on a "deal" that would enable

defendant to pay its arrears in full to plaintiff. Silva

further certified "[d]uring this conversation, I was very clear

to Mr. Ramadan that either we come to [an] agreement in which he

pays me in full and until such time I was not stopping the

foreclosure."

 Before the court decided defendant's order to show cause

and despite the sale being adjourned to January 8, 2016, the

sheriff's sale went forward on December 4, 2015. In its

decision accompanying the January 16, 2016 order denying

 4
 A-2577-15T4
defendant's "motion,"1 the court denied the application, finding,

among other things, there was no authority to vacate the

judgment under Rule 4:50-1. The court did not address

defendant's assertion it was not in fact served with the

complaint.

 II

 On appeal, defendant contends plaintiff failed to serve it

with the foreclosure complaint and, thus, the court erred when

it did not vacate both the default judgment in foreclosure and

the sheriff's sale.

 The decision whether to grant a motion to vacate a default

judgment shall not be disturbed absent a "clear abuse of

discretion." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449,

467 (2012). However, an appellate court may reverse when the

trial court gives insufficient deference to the principles

governing the motion, see Davis v. DND/Fidoreo, Inc., 317 N.J.

Super. 92, 100-01 (App. Div. 1998), certif. denied, 158 N.J. 686

(1999), or "when a decision is 'made without a rational

explanation, inexplicably departed from established policies, or

rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n,

1
 Although defendant filed an order to show cause for relief,
the court determined the application was a motion, a finding
neither party challenges on appeal.
 5
 A-2577-15T4
supra, 209 N.J. at 467-68 (quoting Iliadis v. Wal-Mart Stores,

Inc., 191 N.J. 88, 123 (2007)).

 "Generally, where a default judgment is taken in the face

of defective personal service, the judgment is void." Rosa v.

Araujo, 260 N.J. Super. 458, 462 (App. Div. 1992), certif.

denied, 133 N.J. 434 (1993). A motion to vacate a default

judgment for lack of service is governed by Rule 4:50-1(d),

which authorizes a court to relieve a party from a final

judgment if "the judgment or order is void." "If defective

service renders the judgment void, a meritorious defense is not

required to vacate the judgment under R. 4:50-1(d)." Jameson v.

Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div.

2003), certif. denied, 179 N.J. 309 (2004).

 Although the movant bears the burden of demonstrating

grounds to vacate a default judgment, Jameson, supra, 363 N.J.

Super. at 425-26, where "'there is at least some doubt as to

whether the defendant was in fact served with process, . . . the

circumstances require a more liberal disposition of' the motion"

to vacate a default judgment. Davis, supra, 317 N.J. Super. at

100 (quoting Goldfarb v. Roeger, 54 N.J. Super. 85, 92 (App.

Div. 1959)).

 Rule 4:4-4(a)(6) provides service upon a corporation is

made by personally serving a copy of the summons and complaint:
 6
 A-2577-15T4
 [O]n any officer, director, trustee or
 managing or general agent, . . . or on a
 person at the registered office of the
 corporation in charge thereof, or, if
 service cannot be made on any of those
 persons, then on a person at the principal
 place of business of the corporation in this
 State in charge thereof . . . .

Although service by a sheriff, who is both a public officer and

disinterested third party, has a rebuttable presumption of

validity, see Garley v. Waddington, 177 N.J. Super. 173 (App.

Div. 1981), that presumption has not been extended to private

process servers. Here, the process server was a private one.

 In our view, Ramadan's assertion under oath defendant had

not been served with the summons and complaint was sufficient on

this record to create a genuine issue of fact whether service

was accomplished. While Silva certified he was "clear" when

speaking to Ramadan in February 2015 plaintiff would not "stop

the foreclosure" unless plaintiff were paid in full, we cannot

conclude from such statement defendant was aware a complaint had

been filed, let alone served upon it. After all, plaintiff

pursued foreclosure before filing the complaint.

 Plaintiff relies on Rosa, supra, 260 N.J. Super. 458, in

support of its position defendant was in fact aware the

complaint had been filed and thus defendant should be estopped

from asserting it had not been properly served. The facts in

 7
 A-2577-15T4
Rosa are different from those here. In that matter, the

defendant had received the summons and complaint and turned it

over to his attorney before default judgment was entered. We

determined actual notice of the lawsuit comported with due

process and sufficed as service of the summons and complaint.

Facts analogous to those in Rosa are not present in the record

supplied to us.

 Because there is a question of fact whether plaintiff

properly served defendant, a question the court was unable to

resolve in the face of competing certifications, we reverse the

January 14, 2016 order. We remand this matter for an

evidentiary hearing to resolve the question whether defendant

had been properly served. If so, neither the default judgment

nor sheriff's sale shall be vacated. If not, the default

judgment shall be vacated, but we leave to the trial court's

discretion how it should proceed with the request to vacate the

sheriff's sale, in light of the time that has elapsed since the

property was sold.

 Reversed and remanded for further proceedings consistent

with this opinion. We do not retain jurisdiction.

 8
 A-2577-15T4