**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5457-18T3

CITY OF NEWARK,

     Plaintiff-Respondent,

v.

BLOCK 5088, LOT 1 (#106)
[Claim #1015] Assessed to
Antonio F. and Maria Cunha,
343-351 South Street, Newark, NJ,

     Defendants-Appellants.

_____

Argued telephonically March 18, 2020 —
Decided April 8, 2020

Before Judges Koblitz, Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-025265-15.

Michael T. Stewart argued the cause for appellants (Peri & Stewart, LLC, attorneys; Michael T. Stewart, on the briefs).

Elliott Joseph Almanza argued the cause for respondent (Goldenberg Mackler Sayegh Mintz Pfeffer Bonchi & Gill, attorneys; Elliott Joseph Almanza, on the brief).

PER CURIAM

Defendant Maria Cunha appeals from a July 8, 2019 order denying her motion to vacate a default judgment of foreclosure entered in favor of plaintiff the City of Newark. We reverse and remand for further proceedings consistent with this opinion.

Defendant is eighty-one years old and has owned the subject property since 1996. Two commercial family businesses owned and operated by defendant's sons and daughter-in-law occupy the property.

In 2009, plaintiff acquired a tax sale certificate at an auction of the property for unpaid taxes, and water and sewer charges. Plaintiff began a foreclosure and a search for the property owners revealed multiple potential addresses for service of process, including the property address itself, and two addresses on Ann Street in Newark, one of which was defendant's home address. The postmaster confirmed these addresses were valid and deliverable.

In July 2015, plaintiff filed a foreclosure complaint. The face value of the tax sale certificate was $13,964.37, but because the certificate went unpaid for

2

eleven years, the redemption amount grew to $154,501.18 as of December 31, 2015.

Plaintiff served defendant with the notice of foreclosure via regular and certified mail by delivering two sets of the notice to the property, one addressed to defendant and one to "Owner/Occupant/Tenant"; and sent a second set to defendant's address. None of the mailings were returned as undeliverable. On October 25, 2015, an "R. Cuhna" signed for the certified mailings to the property. The certified mail sent to defendant's address was unclaimed, but the postal delivery confirmation stated "left notice" on the envelope.

Additionally, plaintiff published the notice of foreclosure on October 2, 2015, in the Star-Ledger. The notice was also posted in the office of the tax collector, office of the county recording officer, and in three other places in the municipality.

On October 9, 2015, one of defendant's sons called foreclosure counsel's office stating he received the notice of foreclosure. Beginning in March 2017, he contacted plaintiff thirty-two times attempting to ascertain the redemption amount.

Defendant did not answer the complaint, and the court entered default judgment on February 4, 2016, which was recorded on March 9, 2016. Plaintiff

A-5457-18T3

sent two copies of the final judgment to the property and one to defendant's home address. None of the mailings were returned as undeliverable.

On January 29, 2019, defendant entered into a contract for sale of the property. The buyer's counsel ordered a title report, which revealed the foreclosure judgment. Plaintiff would not permit defendant to redeem the lien certificate because it now owned the property.

In May 2019, defendant filed a complaint and order to show cause in the Chancery Division to set aside the final judgment. Pursuant to Rule 4:50-1(d), she claimed the judgment was void for lack of notice. Defendant, her sons, and daughter-in-law certified they never received any notice of the foreclosure. She also argued excusable neglect under Rule 4:50-1(a), due to plaintiff's refusal to reply to her son's requests for a redemption figure. She argued exceptional circumstances justified relief under Rule 4:50-1(f), because permitting the judgment to stand would cause her to lose substantial equity in the property and generate a windfall to plaintiff, since the property was unencumbered by a mortgage and under contract for sale at $850,000.

Following oral argument, the judge rendered oral findings concluding plaintiff effectuated valid service on defendant. The judge concluded defendant's argument that the judgment was void under Rule 4:50-1(d) for lack

A-5457-18T3

of service was "undermined by the papers that were provided by . . . [plaintiff] establishing that indeed the complaint and notice were served" at the property's address and defendant's home address.

The judge found no basis for relief under Rule 4:50-1(a) and (f). She noted defendant exceeded the one-year time limit for relief under Rule 4:50-1(a) and was negligent for not paying taxes since 2004, or attempting to address the issue until March 2017, more than one year after the judgment was entered. She found no exceptional circumstances warranting relief, concluding "in this case the equities weigh[ed] in favor of . . . [plaintiff]" because the contract for sale on the property was entered into

> more than three years after the final judgment was entered. And defendants have not certified to this [c]ourt that the purchasers in that contract are ready, willing, and able to close the contract.
>
> Although the contract in the amount that is stated would in fact cover the judgment amount due in full to [plaintiff,] there is no guarantee that that contract will go through. . . .

We review a court's determination under Rule 4:50-1 for an abuse of discretion. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). Rule 4:50-1 states "the court may relieve a party . . . from a final judgment . . . for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; . . .

(d) the judgment or order is void; . . . or (f) any other reason justifying relief from the operation of the judgment or order." "The rule is 'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'" U.S. Nat'l Bank Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (citation and internal quotation marks omitted).

In the context of a default judgment "[a] court should view 'the opening of default judgments . . . with great liberality,' and should tolerate 'every reasonable ground for indulgence . . . to the end that a just result is reached.'" Mancini v. EDS ex rel N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993) (second and third alteration in original) (quoting Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div. 1964)). "In the tax sale certificate foreclosure context considerations of public policy and equity are also taken into account." M&D Assocs. v. Mandara, 366 N.J. Super. 341, 350 (App. Div. 2004).

On appeal, defendant urges reversal on the same grounds argued to the motion judge. At a minimum, defendant asserts the matter should be remanded to the motion judge for a hearing and testimony regarding her claims.

6

"When 'a default judgment is taken in the face of defective personal service, the judgment is [generally] void'" and relief is warranted under Rule 4:50-1(d). Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003) (alteration in original) (quoting Rosa v. Araujo, 260 N.J. Super. 458, 462 (App. Div. 1992)). We agree with the motion judge that plaintiff effectuated proper service of process and defendant lacked grounds for relief pursuant to Rule 4:50-1(d).

Indeed, plaintiff complied with its obligations under Rule 4:64-7(b) and (c), which respectively require publication of the notice of foreclosure in a generally-circulated newspaper in the municipality of the property, and personal service of the foreclosure notice on each person whose name appears as an owner in the tax foreclosure lists at the last known address, as it appears on the last municipal tax duplicate. Plaintiff complied with Rule 4:64-7(c), which requires that personal service take place either in the manner provided in Rule 4:4-4(a)(1) or (c), or by simultaneously mailing notice to the last known address via registered or certified mail, and via ordinary mail. Plaintiff also complied with its obligation under Rule 4:64-7(d), which requires it to post a copy of the foreclosure notice within fifteen days of publication of the notice in the office of the tax collector, the office of the county recording officer, and in three

additional conspicuous places within the taxing district where the property is located.

Rule 4:50-1(a) requires a showing of excusable neglect and a meritorious defense. Guillaume, 209 N.J. at 468. "'Excusable neglect' may be found when the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence." Ibid. (quoting Mancini, 132 N.J. at 335). We discern no error in the judge's findings this relief was time-barred pursuant to Rule 4:50-2 and agree substantially for the reasons she expressed.

Lastly, the Supreme Court stated: "No categorization can be made of the situations which would warrant redress under [Rule 4:50-1](f). . . . [T]he very essence of (f) is its capacity for relief in exceptional situations. And in such exceptional cases its boundaries are as expansive as the need to achieve equity and justice." DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 269-70 (2009) (quoting Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)) (second alteration in original). We have stated that "general equitable principles . . . apply to the remedy of foreclosure. Foreclosure is a harsh remedy and equity abhors a forfeiture. A court of equity may invoke its inherent equitable powers to avoid a forfeiture and deny the remedy of foreclosure." Sovereign Bank v. Kuelzow, 297 N.J. Super. 187, 198 (App. Div. 1997) (citation omitted).

Defendant argued she contracted for the sale of the property with a buyer who was ready, willing, and able to close. Indeed, we understand the attorney review process concluded and all inspections were either satisfied or waived by the buyer, who was prepared to close. These facts conflict with the judge's findings and the record lacks findings to support the judge's conclusion that a sale could not be consummated. Moreover, considering the judge was "aware . . . [the elderly defendant] . . . will lose significant equity if the [c]ourt does not vacate the default judgment" and found "the contract in the amount that is stated would in fact cover the judgment amount due in full to [plaintiff,]" more findings were necessary before the judge could conclude the equities weighed in favor of plaintiff. For these reasons, we reverse and remand for further findings and a plenary hearing, if necessary.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9