**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2353-22

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE FOR
RESIDENTIAL ASSET
SECURITIES CORPORATION,
HOME EQUITY MORTGAGE
ASSET-BACK PASS THROUGH
CERTIFICATES, SERIES 2007-KS2,

     Plaintiff-Respondent,

v.

CYNTHIA PARRISH, a/k/a CYTHIA
D. CANADY, CYTHIA CANADY,
CYTHIA D. PARRISH, CYTHIA
DENNICE PARRISH,

     Defendant-Appellant,

and

MR. PARRISH, spouse of CYNTHIA
PARRISH, RASUL PARRISH, a/k/a
RASUL S. PARRISH, STATE OF
NEW JERSEY, ESSEX COUNTY
BOARD OF SOCIAL SERVICES,
SHAKIRA HOLLIS, and ARROW
FINANCIAL SERVICES, LLC,

Defendants.

_____

Submitted May 13, 2024 – Decided May 20, 2024

Before Judges Sabatino and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-008020-18.

Cynthia Parrish, appellant pro se.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, attorneys for respondent (Christian T. Miller, on the brief).

PER CURIAM

Defendant Cynthia Parrish appeals from a February 15, 2023 order entering a final judgment of foreclosure in favor of plaintiff U.S. Bank Trust National Association, and a March 31, 2023 order which denied her motion to vacate the final judgment. We affirm.

In 2006, defendant and Rasul Parrish executed a note with New Century Mortgage Corporation (NCMC) for $188,000 to purchase a residential property in Newark. On September 26, 2007, the note was assigned to plaintiff as trustee by Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for NCMC. The assignment was recorded in the Essex County clerk's office on October 31, 2008. On September 16, 2014, plaintiff assigned the note to itself

as trustee for Residential Asset Security Corporation, Home Equity Mortgage Asset-Backed Pass-Through Certificates, Series 2007-KS2 (RASC). On August 14, 2017, MERS as nominee for NCMC, assigned the note to plaintiff by way of a corrective assignment of mortgage. The assignment was recorded in the clerk's office on September 29, 2017.

In March 2017, defendant executed a Home Affordable Modification Agreement. Notwithstanding the modification, she defaulted and failed to make the monthly mortgage payment due on May 1, 2017, and all payments thereafter. On October 27, 2017, plaintiff sent a notice of intent to foreclose by regular and certified mail to defendant. On April 17, 2018, plaintiff, as trustee for RASC, filed a foreclosure complaint.

Plaintiff hired a process server to serve defendant. The process server signed affidavits describing its unsuccessful effort to serve defendant after multiple attempts. The affidavits also confirmed defendant lived at the property because: her name was on the mailbox; the process server spoke to a man sitting on the property's front porch, who confirmed defendant lived there; and when the process server left his number with that person, defendant called him back.

Plaintiff contacted the U.S. Postmaster to inquire whether defendant had a new address and received no response. Plaintiff conducted a skip trace

3

investigation on Lexis Nexis/Accurint, which did not yield an alternate address for defendant. Nor did an online search of the White Pages. A search of property tax records showed taxes were billed to defendant at the property.

On September 24, 2018, plaintiff filed a request for entry of default. Final judgment was entered on July 3, 2019. On December 20, 2019, defendant moved to vacate final judgment, pursuant to Rule 4:50-1(d). She argued the judgment was void for lack of proof of service. Defendant also claimed she moved to vacate the judgment as soon as she heard of the foreclosure sheriff's sale. She challenged whether: the note and mortgage were valid; she was in default; plaintiff had given proper notice of intent (NOI) to foreclose; and plaintiff had standing. The motion judge gleaned from these arguments that defendant also sought relief from the judgment under Rule 4:50-1(a).

On January 24, 2020, the judge denied defendant's motion, ruling the judgment was not void because the process server's affidavit of non-service and plaintiff's proofs of diligent inquiry all pointed to the fact that service of defendant by mail at the property was appropriate. The judge noted the certified mail sent by plaintiff was unclaimed, which constituted sufficient proof of service under Rule 4:4-7.

The judge found defendant's assertions about learning of the foreclosure through the sheriff's sale may have established excusable neglect, "[h]owever, absent from [d]efendant's analysis is any assertion regarding her actions prior to her learning of the sale. . . . Defendant offers no excuse for her failure to file an answer or other responsive pleading in this matter." Moreover, defendant lacked a meritorious defense because she made bald allegations unsupported by adequate evidence regarding: the validity of the note; her default by failing to pay the mortgage; the validity of the NOI, and plaintiff's standing. The judge denied defendant's subsequent reconsideration motion on March 13, 2020.

The sheriff's sale was scheduled for May 3, 2022. On March 31, 2022, defendant moved to adjourn or set aside the sheriff's sale. Because the sale had not yet occurred, the judge treated it as a motion to stay the sale. On April 14, 2022, the judge denied the motion because defendant failed to meet the requirements for a stay under Crowe v. DeGioia, 90 N.J. 126, 132-34 (1982). The judge denied defendant's subsequent motion for reconsideration on May 27, 2022.

On June 15, 2022, defendant moved to vacate the sheriff's sale. Plaintiff joined in defendant's request with the consent of the third-party bidder from the sale. The court granted the motion and granted plaintiff's subsequent motion to

A-2353-22

vacate the judgment and writ of execution. Plaintiff then filed an amended complaint to join other parties in interest.

In November 2022, defendant moved to dismiss the amended complaint with prejudice for a failure to state a claim. On December 2, 2022, the court denied defendant's motion.

Notwithstanding the amended complaint, defendant still did not file a responsive pleading. In December 2022, plaintiff requested entry of default and on February 3, 2023, moved for final judgment. Defendant filed an objection to the amount due and claimed plaintiff failed to establish it was the holder of the note. On February 15, 2023, an uncontested order of final judgment and writ of execution were entered in plaintiff's favor. Two days later, defendant received a deficiency notice that her objection was not filed because she failed to pay the accompanying filing fee.

On February 28, 2023, defendant moved to vacate the final judgment under Rule 4:50-1(d) or (f). She repeated plaintiff failed to show it possessed the original note or a valid assignment in its moving papers and did not include it in its certification at the time of final judgment. The court notified the parties the judge had scheduled oral argument on defendant's motion for March 31, 2023.

6

On March 31, 2023, defendant filed an answer to the amended complaint. Her answer admitted she owed a debt of $188,000 to NCMC and "ha[d] not made any payments to [p]laintiff with respect to its claim for the amount . . . alleged is due on May 1, 2017[,] resulting in a default." However, she argued plaintiff had violated the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -82, because it never served her with a NOI, and plaintiff did not prove it held the note and had the right to foreclose.

Defendant failed to attend oral argument. The motion judge's opinion detailed the lengthy history of the case. He noted defendant's motion was "a repeat of the same arguments she has made throughout the case." Therefore, he "required oral argument so [he] could review [defendant]'s positions and determine if the final judgment should be vacated and allow her to file an [a]nswer." The judge concluded defendant was "completely uncooperative and . . . failed to attend multiple oral argument hearings." Although she filed a timely motion to vacate the judgment, he was "compelled to deny same because [defendant]'s present arguments, as they have not historically, would not permit relief under R[ule] 4:50-1 and she refuses to participate or offer a meaningful reason, i.e. file a contested answer, to vacate the final judgment."

I.

On appeal, defendant argues the judge improperly based his decision on the fact she failed to appear for oral argument because she had waived oral argument and never requested it when she moved for relief before the court. Regardless, she claims the court failed to address and make findings on the merits of her arguments challenging the validity of the final judgment. She argues the judge ignored the fact she answered the complaint when he erroneously found the entry of the final judgment was uncontested. She alleges the judge did not analyze Rule 4:50-1 and failed to make the findings of fact and conclusions of law required under Rule 1:7-4(a).

"The decision whether to vacate a judgment . . . is a determination left to the sound discretion of the trial court, guided by principles of equity." F.B. v. A.L.G., 176 N.J. 201, 207 (2003). Therefore, on appeal, "[t]he decision granting or denying an application to open a judgment will be left undisturbed unless it represents a clear abuse of discretion." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). See also U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (trial court's determination under Rule 4:50-1 "warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion"). An abuse of discretion exists "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested

8

on an impermissible basis.'" Id. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

## II.

At the outset, we note a "judge may direct oral argument even though no party has made the request." Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 1:6-2 (2024). Therefore, given defendant's status as a self-represented party and her filing of repetitive motions seemingly seeking the same relief on the same grounds, it was a reasonable exercise of the judge's discretion to require the parties' appearance at oral argument to flesh out defendant's claims. For these reasons, we reject her assertion the judge erred by requiring her to appear and explain her positions.

We also reject defendant's assertions the motion judge made inadequate findings of fact and conclusions of law under Rule 1:7-4(a). As we recounted, the judge's decision detailed the long history preceding the entry of the March 31, 2023 order denying defendant's motion to vacate the judgment. Defendant filed several motions in which she raised the same arguments as the ones the motion judge considered when he entered the March 31, 2023 order. Every order adjudicating the motions filed preceding the March 31 order recounted defendant's arguments and why they were unavailing. Therefore, the judge was

9

not required to engage in a lengthy discussion of the merits of defendant's arguments or conduct a detailed legal recitation, considering he had already repeatedly done so beforehand and could rely on his prior decisions. Regardless, the March 31 order contained sufficient findings of fact and conclusions of law. And even if it did not, our role is to review judgments and orders, not trial court opinions. Bandler v. Melillo, 443 N.J. Super. 203, 210 (App. Div. 2015).

### III.

Rule 4:50-1 permits a court to relieve a party from a final judgment on the following grounds: "(a) mistake, inadvertence, surprise, or excusable neglect; . . . (d) the judgment or order is void; . . . or (f) any other reason justifying relief from the operation of the judgment or order." It is "designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Guillaume, 209 N.J. at 467 (quoting Mancini v. EDS ex rel N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)).

### A.

Under Rule 4:50-1(a), "[a] defendant seeking to set aside a [final] judgment must establish that [their] failure to answer was due to excusable neglect and that [they] ha[ve] a meritorious defense." Deutsche Bank Nat'l Tr.

Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012) (first alteration in original) (quoting Goldhaber v. Kohlenberg, 395 N.J. Super. 380, 391 (App. Div. 2007)). Excusable neglect refers to a "an honest mistake that is compatible with due diligence or reasonable prudence." Ibid. (quoting Guillaume, 209 N.J. at 468; see also Mancini, 132 N.J. at 335. The type of mistake entitled to relief under the Rule is one the party could not have protected themselves against. DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 263 (2009)).

Furthermore, a meritorious defense is necessary to prevail under Rule 4:50-1(a) to avoid vacating a judgment "on the ground of mistake, accident, surprise or excusable neglect, only to discover later that the defendant had no meritorious defense. The time of the courts, counsel and litigants should not be taken up by such a futile proceeding." Guillaume, 209 N.J. at 469 (quoting Schulwitz v. Shuster, 27 N.J. Super. 554, 561 (App. Div. 1953)).

Pursuant to these principles, the motion judge properly concluded he could not grant defendant relief under Rule 4:50-1(a) because she lacked a meritorious defense. Defendant conceded in her answer, which the judge duly considered, that she failed to pay the mortgage and was in default.

Defendant also failed to show invalid service of the NOI. A NOI is a mandatory prerequisite to the filing of the foreclosure complaint under the FFA.

Spencer Sav. Bank, SLA v. Shaw, 401 N.J. Super. 1, 7 (App. Div. 2008). The notice must be "in writing, . . . sent to the debtor by registered or certified mail, return receipt requested, at the debtor's last known address, and, if different, to the address of the property which is the subject of the residential mortgage." N.J.S.A. 2A:50-56(b). The FFA requires foreclosure plaintiffs list the name and address of the lender on the NOI. Guillaume, 209 N.J. at 458. Further, the written notice must "clearly and conspicuously state in a manner to make the debtor aware of" information regarding the obligation, the right of the debtor to cure, what performance shall be tendered to cure the default, and the date by which the debtor may cure, among other things. N.J.S.A. 2A:50-56(c)(1) to (15).

Here, plaintiff sent the NOI via first-class mail, return receipt requested, to defendant's address. The notice contained the requisite information under N.J.S.A. 2A:50-56(c). Defendant never pointed out where the notice was deficient.

Defendant's assertion plaintiff was not the holder of the note was belied by the objective proof of the assignments provided by plaintiff, each of which were recorded and showed plaintiff as the assignee. Therefore, the motion judge

appropriately concluded defendant's standing arguments were bald assertions and did not constitute a meritorious defense.

B.

"A Rule 4:50-1(d) motion, based on a claim that the judgment is void, does not require a showing of excusable neglect but must be filed within a reasonable time after entry of the judgment." Russo, 429 N.J. Super. 91, 98 (citing R. 4:50-2). "When 'a default judgment is taken in the face of defective personal service, the judgment is [generally] void'" and relief is warranted under Rule 4:50-1(d). Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003) (alteration in original) (quoting Rosa v. Araujo, 260 N.J. Super. 458, 462 (App. Div. 1992)).

"The primary method of obtaining in personam jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this state pursuant to [Rule] 4:4-3 . . . ." R. 4:4-4(a). "If personal service cannot be effectuated 'after a reasonable and good faith attempt,' other methods are available." City of Passaic v. Shennett, 390 N.J. Super. 475, 483 (App. Div. 2007) (quoting R. 4:4-3). "[I]n personam jurisdiction may [also] be obtained by mail under the circumstances and in the manner provided by R[ule] 4:4-3." R. 4:4-4(a). "A party's good faith effort to personally serve a defendant

must be 'described with specificity in the proof of service.'" Shennett, 390 N.J. Super. at 483 (quoting R. 4:4-3). Ordinarily, an affidavit of diligent inquiry that evinces an earnest effort to serve a defendant personally satisfies these requirements. Sablic v. Croatia Line, 315 N.J. Super. 499, 505-06 (App. Div. 1998).

The objective evidence in the record established plaintiff made a diligent inquiry and properly served defendant in accordance with the law, and the judgment was not void for a lack of service. The motion judge's findings in this regard are unassailable and this argument lacks merit.

As we noted in section III.A., plaintiff had standing to foreclose. Moreover, "standing is not a jurisdictional issue in our State court system and, therefore, a foreclosure judgment obtained by a party that lacked standing is not 'void' within the meaning of Rule 4:50-1(d)." Russo, 429 N.J. Super. at 101.

C.

"[I]n order to obtain relief under [Rule 4:50-1(f)], the movant must ordinarily show that the circumstances are exceptional and that enforcement of the order or judgment would be unjust, oppressive[,] or inequitable." Pressler & Verniero, Current N.J. Court Rules, cmt. 5.6.1 on R. 4:50-1 (2024). "No categorization can be made of the situations which would warrant redress under

subsection (f). . . . [T]he very essence of (f) is its capacity for relief in exceptional situations. And in such exceptional cases its boundaries are as expansive as the need to achieve equity and justice." DEG, 198 N.J. at 269-70 (alteration in original) (quoting Ct. Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)).

The record lacks the exceptional circumstances necessary to grant defendant relief from the judgment. Moreover, we are unconvinced enforcement of the judgment would be unjust, oppressive, or inequitable. The overwhelming evidence in the record established defendant had defaulted on her obligation to pay the mortgage and plaintiff was entitled to foreclose pursuant to the terms of the note.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2353-22