**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1506-24

MARILUZ GUZMAN MOLINA,
NORTHERN NJ INVESTMENT
GROUP, LLC, EDGAR LADINO,
JOSE ALEJANDRO and PARK
WEST CONDOMINIUM
ASSOCIATION, INC.,

     Plaintiffs-Respondents,

v.

MARTHA GONZALEZ,

     Defendant-Appellant.

_____

Submitted November 6, 2025 – Decided February 10, 2026

Before Judges Currier and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Chancery Division, Hudson County, Docket No. C-000023-23.

Mary Ann Kricko, attorney for appellant.

Feeney & Dixon, LLC, attorneys for respondents (David C. Dixon, on the brief).

PER CURIAM

This matter arises from litigation plaintiffs commenced against defendant regarding alleged alterations to two condominium units in the Park West Condominium complex. Plaintiffs served defendant with a copy of the verified complaint and the Order to Show Cause (OTSC) via certified mail but did not effectuate personal service. After defendant failed to respond to the OTSC, the court entered injunctive relief against her. Shortly thereafter, counsel representing defendant moved to file responsive pleadings. That motion and subsequent motions for reconsideration and to vacate the mandatory injunction were denied. The case proceeded to a proof hearing, after which the court entered final judgment against defendant.

Defendant appeals from the January 3, 2025 order denying her motion to vacate default judgment and final judgment, contending plaintiffs failed to properly serve her under Rules 4:4-3 and 4:4-4. Because defendant was noticed of the litigation as evidenced by her counsel's appearance through the filing of motions and her counsel was noticed of the proof hearing, we discern no error and affirm.

I.

A-1506-24

Plaintiffs are prior and current owners of a condominium unit in Park West Condominium Association, Inc. Defendant owned an adjacent unit. Plaintiffs alleged defendant altered or enlarged her unit at some point by taking space away from plaintiffs' unit, which reduced its footprint by one bedroom.

In the OTSC and verified complaint, plaintiffs sought a mandatory injunction against defendant to restore the units to the same condition as existed in 2006 when plaintiff Northern NJ Investment Group, LLC acquired the three-bedroom unit, as described in the Master Deed. When plaintiff Mariluz Guzman purchased that unit in 2022, it had only two bedrooms and approximately 132 square feet less than what was denoted in the Master Deed.

Pursuant to the terms of the OTSC, the order was to be "served upon . . . defendant(s), personally, by certified mail, return receipt requested, or delivered to counsel for such defendants, within [five] days of the date hereof, in accordance with R[ule] 4:4-3 and R[ule] 4:4-4, this being original process." Defendant's answer to the complaint and opposition to the motion was to be filed by March 9, 2023.

On February 6, 2023, plaintiffs served defendant with the OTSC, complaint and all pleadings in support of the motion via certified mail. After

3

defendant failed to file an answer to the complaint or oppose the OTSC, the court entered a March 17, 2023 order granting plaintiffs injunctive relief.

On March 31, 2023, counsel for defendant moved to vacate the March 17, 2023 order and for leave to file responsive pleadings. Defendant did not raise any issue regarding service but stated she suffered from depression and other ailments.

Plaintiffs filed opposition to the motion, contending defendant had not demonstrated excusable neglect as she was able to instruct her tenants not to grant plaintiffs access to the unit but did not respond to the OTSC. The court denied defendant's motion "for reasons stated on the record following oral argument of the underlying motion to vacate."[1]

The court subsequently entered default against defendant. Thereafter, defendant moved for reconsideration of the order denying her motion to vacate the March 17, 2023 order, which plaintiffs opposed. The court denied the motion for reconsideration.[2]

---

[1] The appellate record does not contain that transcript.

[2] The appellate record does not include the transcript of the oral argument and the court's reasons for its order.

A-1506-24

Plaintiffs moved for entry of final judgment by default. Defendant opposed the motion and cross-moved to certify the March 17, 2023 order as final. On August 7, 2023, the court granted plaintiffs' motion for entry of final judgment, set a date for a proof hearing, and denied defendant's cross-motion.

Defendant died on October 16, 2023. On November 6, plaintiffs informed the court of defendant's death and requested an adjournment of the proof hearing so claims against defendant could be presented to the personal representative of the estate, pursuant to N.J.S.A. 3B:22-4.

In March 2024, the court scheduled the proof hearing for April 18, 2024. Plaintiffs served defendant's counsel with the order.

Following the proof hearing, at which the executor of defendant's estate appeared and participated, the court entered Final Judgment in favor of plaintiffs and against defendant for the sum of $216,305.51, and for costs and attorney's fees of $17,222.45. A subsequent writ of execution was issued.

On September 9, 2024, counsel representing the executor of defendant's estate[3] moved to vacate the default judgment and the writ of execution. The court denied the motion on October 16, 2024, stating,

---

[3] There is no indication the caption was ever amended to reflect the Estate as a defendant.

A-1506-24

> [t]he arguments asserted in this application are the same as those previously considered and rejected by the court in the first such motion on March 17, 2023, reconsideration of which was also denied by Order dated June 9, 2023. Default judgment was entered on August 14, 2023 and the monetary judgment followed a contested proof hearing conducted on April 18, 2024. The medical report offered in support of both the 2023 and 2024 applications fails to render an opinion that . . . Gonzalez was either medically impaired or incapacitated to the point where she could not respond to the Complaint at the relevant time. The absence of a meritorious defense also prevents the court from granting this relief.

Defendant's counsel responded by filing a second motion to vacate the default judgment and the writ of execution. For the first time, counsel raised the issue of deficient service. Following oral argument on January 3, 2025, the court rendered an oral decision and issued an order denying defendant's motion. The court noted it had already considered defendant's claims of inadequate service in four orders and found them "baseless" as plaintiffs produced a signed certified mail receipt regarding the OTSC order. The court reiterated its determination that there was neither excusable neglect nor a meritorious defense.

A-1506-24

II.

On appeal, defendant contends the court erred in denying the motion to vacate final judgment because she was not properly served with the OTSC order under Rules 4:4-3 and 4:4:4-4(a)(1).

The trial court considered defendant's contentions regarding defective service on four occasions. Defendant did not supply this court with the transcripts of the prior proceedings so we do not have the specific reasons provided at the time of the prior orders. However, in denying the second motion to vacate final judgment, the court reiterated its finding that the service was compliant with the underlying principles of due process. We agree.

Rule 4:4-4(a)(1) requires a plaintiff to serve defendants personally. However, Rule 4:4-3(a) provides:

> If personal service cannot be effected after a reasonable and good faith attempt, . . . service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant or a person authorized by rule of law to accept service for the defendant . . . .

Plaintiffs do not dispute they failed to initially effect personal service on defendant. However, they served the OTSC and order by certified mail and subsequently submitted a signed certified mail receipt which the trial court

7

found adequate. Moreover, equally as significant, defendant's counsel entered an appearance and filed several motions on defendant's behalf. This resulted in the court having in personam jurisdiction over defendant. See R. 4:4-4 (c) ("Optional Mailed Service"). Where personal service is required under Rule 4:4-4(a)(1) service may instead be made by registered, certified or ordinary mail, "provided, however, that such service shall be effective for obtaining in personam jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto . . . ." U.S. Bank Nat. Assn. v. Curcio, 444 N.J. Super. 94, 109 (App. Div. 2016).

Rules 4:4-3 and 4:4-4 are grounded in principles of due process. As our Supreme Court has stated, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." O'Connor v. Altus, 67 N.J. 106, 126 (1975). We know defendant was apprised of the pending action as she retained counsel who entered an appearance and filed motions on her behalf. Any due process argument is not supported by the facts present here as defendant had actual notice of the action. See Rosa v. Araujo, 260 N.J. Super. 458, 463 (App. Div. 1992) (finding that

8

service was effected in a manner satisfying due process, after the litigant "received the summons and complaint prior to the entry of default judgment, was aware of the nature of the lawsuit, and turned the matter over to an attorney for representation."). Deficient service is not a ground upon which to vacate the final judgment. See R. 4:50-1(d).

Although defendant does not allege any further grounds under which to vacate final judgment pursuant to Rule 4:50-1, we note the court considered and rejected defendant's contentions of excusable neglect and a meritorious defense in several applications. In the context of a motion to vacate a default judgment, the court's discretion must be liberally exercised. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283-84 (1994) (citing Marder v. Realty Constr. Co., 84 N.J. Super. 313, 318-19 (App. Div.), aff'd, 43 N.J. 508 (1964)). We discern no error in the court's order denying defendant's motion to vacate final judgment.

To the extent we have not commented on them specifically, all other arguments defendant raises on appeal lack sufficient merit to warrant discussion.

A-1506-24

R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

10